510 P.2d 421

Dennis Earl LEAHY and Stonewall Insurance Company, Appellants,

v.

Waldron C. RYAN and Patrick Ryan, through his Guardian ad Litem, Waldron C. Ryan, Appellees.

No. 2 CA–CIV 1344.

Court of Appeals of Arizona,

Division 2.

May 31, 1973.

Rehearing Denied June 26, 1973.

Review Denied July 17, 1973.

Jennings, Strouss & Salmon by William T. Birmingham, Phoenix, for appellants.

Miller, Pitt & Feldman, P. C., by Stanley G. Feldman, Tucson, for appellees.

HATHAWAY, Chief Judge.

This is an appeal brought by Dennis Earl Leahy and his insurance carrier, Stonewall Insurance Company, from a superior court order denying their motion to set aside and vacate a default judgment.

The suit arises from an automobile-motorcycle accident which occurred on March 26, 1971, in Sierra Vista, Arizona. Defendant Leahy, a member of the armed forces at that time, drove into Sierra Vista with the intention of stopping at Sambo's Restaurant. Leahy proceeded west on a main street at approximately 45 m. p. h. and, on approaching the restaurant, reduced his speed to 10 m. p. h. and made a left hand turn across traffic into the restaurant's parking lot. At the point where his front wheels left the highway and entered the parking lot, Leahy observed a motorcycle coming straight at the automobile. The motorcycle, driven by plaintiff Patrick Ryan, struck Leahy's vehicle on the right side over the right rear wheel.

Leahy was served with summons and complaint on June 4, 1971, at Ft. Huachuca, and on the same day delivered them to Lyle O'Keefe Adjustment Company in Sierra Vista, which company represented his insurance carrier, Stonewall Insurance Company. Leahy was discharged from the United States Army on the same day that he was served with the complaint. He thereafter returned to his home in Cedar Falls, Iowa.

On June 8, 1971, Elmer Jobe, vice president of Stonewall Insurance Company, wrote to Mr. Martin Gentry, an attorney, sending a copy of the summons and complaint which had been served upon Dennis Earl Leahy. The letter requested that Mr. Gentry direct an appropriate "excess letter" to the insured, Dennis Leahy. The letter further requested Mr. Gentry to contact Mr. Jobe concerning the conditions of the retainer. Mr. Gentry promptly wrote back to Stonewall, informing them that he was willing to undertake the defense of the action at a specified fee and requested Stonewall to answer whether they wished him to defend the action. Gentry's partner also wrote to Leahy, and the letter in pertinent part read as follows:

"By now you have been served with summons and complaint in that action. We assume that you are familiar with the fact that Patrick Ryan is demanding judgment against you in the amount of $25,000.00. Please be advised that we are willing to undertake your defense in this action . . . ."

Mr. Jobe, either through a misinterpretation of the attorney's letter or through mistake failed to notify the attorney that they wished him to undertake the defense, and therefore the attorney did not file an answer. A default was entered against Leahy on June 28, 1971, and after a trial at which counsel was appointed to represent Leahy under the Soldiers and Sailors Civil Relief Act, the court entered judgment in favor of the plaintiff Waldron Ryan, Patrick Ryan's father, in the amount of $810.00 for medical expenses, and in favor of the plaintiff, Patrick Ryan, in the amount of $25,000.00.

Leahy had no knowledge of entry of default and the default judgment until January 14, 1972, more than six months after entry of the judgment. On this same date, Leahy promptly notified Stonewall Insurance Company, by mail, of the entry of default. Stonewall first learned of the default on January 25, 1972, when it received Mr. Leahy's letter. Stonewall telephoned Mr. Gentry's office and advised him of the entry of default and default judgment. On February 8, 1972, Mr. Leahy and Stonewall Insurance Company filed their motion to set aside entry of default and judgment by default and for permission to intervene, pursuant to Rules 55(c) and 60(c), Ariz. Rules of Civ.Proc., 16 A.R.S. The motion was denied by formal order entered on September 22, 1972, hence this appeal.

Appellants argue that their motion to setting aside the entry of default and default judgment should have been granted pursuant to Ariz. Rules of Civ.Proc., Rule 60(c)(5), (6), which provides:

"On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: . . . (5) . . . it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."

Specifically appellants contend that their failure to defend was due to a misunderstanding with counsel. Appellant Leahy argues that he relied upon the insurance company to defend his claim and under C. Meisel Music Co. Inc. v. Perl, 3 Ariz.App. 479, 415 P.2d 575 (1966), reasonable reliance upon a co-defendant's representation that the suit will be properly defended is excusable neglect. Appellee argues that the motion for relief from entry of default was not timely filed for the following reasons. Rule 60(c), Ariz. Rules of Civ.Proc. provides for setting aside a judgment for

**112**

any of six reasons. Reason one is "mistake, inadvertence, surprise or excusable neglect"; reason number six specifies that relief may be had for "any other reason justifying relief from the operation of the judgment." Rule 60(c) provides that if reason one is asserted as grounds, the litigant must ask for the relief "not. more than six months after the judgment" is entered. Appellee contends that since more than six months had elapsed between entry of default and the petition for relief, and appellants have only shown possible excusable neglect, they are precluded by the time limitation.

Appellants rely on C. Meisel Music Co. Inc. v. Perl, supra, for the proposition that excusable neglect may come under reason six (any other reason justifying relief from the operation of the judgment) and therefore the six-month time limitation is inapplicable. We do not agree with appellants' interpretation of C. Meisel Co. Inc. v. Perl, supra. In that case, the motion to set aside default judgment was filed nine days short of one year after judgment was rendered by default. Suit was filed against defendants Leidhaber and Perl, and Perl told his co-defendant that he [Perl] would take care of the lawsuit and that Leidhaber need not worry about it any longer. Neither party made an appearance and default judgment was entered. It was distinctly to the advantage of Perl if judgment was entered against Leidhaber as one of the parties defaulted in the action since it would put Leidhaber in the position, as a judgment debtor, of guaranteeing payment of Perl's debt. Thus, the wrong-doer who assured his co-defendant that he would take care of the lawsuit stood to gain if the judgment was not set aside. This presented "extraordinary circumstances" for application of Rule 60(c)(6). That Division One of our court did not intend its opinion to be interpreted as appellants contend, is exhibited by its subsequent opinion in Vander Wagen v. Hughes, 19

Ariz.App. 155, 505 P.2d 1046 (Feb.1973), wherein speaking of the time limitation provisions of Rule 60(c)(1), it stated:

> "Bearing in mind that the only question presented to us is whether the trial court erred in denying plaintiffs' second motion, the 'Motion to Vacate Judgment and Decree of Foreclosure and to Set Aside Sheriff's Sale and declare Sheriff's Deed to be Null and Void', we find no abuse of the trial court's discretion. In our opinion plaintiff's motion must properly be considered as a request for relief under the provisions of Rule 60(c)(1). Therefore it is barred by the applicable six months limitation. This limitation cannot be disregarded by the seemingly simple expedient of stating that relief is requested under the provisions of Rule 60(c)(6), where the only limitation is that relief must be requested within a 'reasonable time'. . . . The provisions of Rule 60(c) were not intended to completely emasculate the sound principle that judgments must at some reasonable point in time achieve finality." 505 P.2d at 1049.

Reason number six specifically provides *"any other reason."* thus eliminating relief upon the five previously stated reasons in Rule 60(c). Klapprott v. United States, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949).[1] Moore interprets the rule as follows:

> "It is important to note, however, that clause (6) contains two very important internal qualifications to its application: first, the motion must be based upon *some reason other than those stated in clauses (1)—(5)*; and second, the other reason urged for relief must be such as to *justify* relief." 7 Moore's Federal Practice, ¶ 60.27, p. 343 (1972 Supplement).

■ Appellants also argue that "extraordinary circumstances" are present in this case coming under reason six because

---

1. Rule 60(c) has the exact working as Rule 60(b) of the Federal Rules of Civil Procedure and therefore construction of the federal rule is persuasive authority.

Leahy was not properly represented at trial pursuant to the Soldiers and Sailors Civil Relief Act, and because excessive damages were awarded. We have reviewed the record and have found that these contentions were not presented to the trial court, therefore we decline to discuss them. Byrer v. A. B. Robbs Trust Co., 105 Ariz. 457, 466 P.2d 751 (1970); Big Chief Min. Co. v. Kohlburner, 63 Ariz. 317, 162 P.2d 132 (1945); Moody v. Lloyd's of London, 61 Ariz. 534, 152 P.2d 951 (1944).

Since the motion to vacate was untimely, denial was proper and we affirm.

KRUCKER and HOWARD, JJ., concur.