527 P.2d 294

**Robert E. ROLL, Appellant,**

v.

**Walter T. JANCA and Sara F. Janca, hus-
band and wife, dba the Half Way
House, Appellees.**

**No. I CA–CIV 2203.**

Court of Appeals of Arizona,
Division 1,
Department A.

Oct. 22, 1974.

Rehearing Denied Dec. 5, 1974.

Review Denied Jan. 14, 1975.

Haire, J., concurred specially and filed opinion.

Wolfe & Harris, P. A., by Irwin Harris, Sidney B. Wolfe and Richard T. Aubuchon, Phoenix, for appellant.

Morgan & Ruch, by Larry G. Ruch, Phoenix, for appellees.

## OPINION

DONOFRIO, Presiding Judge.

The sole issue in this controversy is whether the trial court abused its discretion under Rules of Civil Procedure, Rule 60(c), 16 A.R.S., in setting aside a default judgment which had been entered against appellees-defendants Walter T. and Sara F. Janca.

Plaintiff-appellant Roll was allegedly injured on July 23, 1970 in the parking lot of the Jancas' Half Way House Tavern.  On

September 22, 1970 Roll filed suit against the appellees. Service of process was made on September 30, 1970 by leaving copies of the summons and complaint with the Jancas' 22-year-old son, Laddy. On December 10, 1970 a judgment of $25,000 was entered against the appellees. A writ of execution was not issued until some ten months later on October 21, 1971. This writ was returned unsatisfied on December 15, 1971. On April 25, 1972 plaintiff filed a petition for order requiring judgment debtor to appear for examination in aid of judgment. Copies of the petition, order and subpoena duces tecum were properly served. On May 23, 1972 appellees filed a motion to vacate and set aside default judgment based on the ground that they never actually received a copy of the summons and complaint, and that therefore service of process had not been properly complied with under 4(d)(1), Rules of Civil Procedure. Arguments were heard on the motion on May 31, 1972, with additional time being granted to file supplemental affidavits. On July 5, 1972 appellees' motion to vacate was granted.

16 A.R.S., Rules of Civil Procedure, Rule 60(c) [1] enunciates the basis by which a party may be relieved from a judgment, order, or proceeding. Appellees suggest that the setting aside of the default judgment was proper, relying upon Clause 4 of the rule, and in the alternative, Clause 6. Clause 4 indicates that a judgment may be set aside if it is void, whereas Clause 6 says for "any other reason justifying relief from the operation of the judgment."

Examination of the record in determining whether service of process was invalid under Rule 4(d)(1), and thus the judgment void, results in our inability to declare that the trial judge abused his discretion in setting aside the default judgment on this basis. It should be noted that the trial court's order in setting aside the default judgment failed to specify which clause of 60(c) was relied upon. The affidavits of the Jancas, Milton C. LaJune, and Rodger Ridlon, in combination with the testimony of the Jancas that they never received the delivered summons and complaint, creates a persuasive enough standard for the trial judge to have set aside the default judgment on the basis that Laddy was of unsuitable discretion because of his pharmaceutical propensities. Although it would have been improper for the trial judge to have relied upon both Clause 4 and Clause 6 of Rule 60(c) because of their mutual exclusiveness, infra, it is not improper for us to rule on the applicability of both clauses when the trial court has failed to enunciate its basis for granting relief. Thus, although it could be said that Clause 4 was properly utilized, because we are uninformed as to which clause was relied upon we now turn to a consideration of Clause 6 as a proper basis of relief.

---

1. "60(c) Mistake; inadvertence; surprise; excusable neglect; newly discovered evidence; fraud, etc. On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(d); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment on which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than six months after the judgment, order or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to grant relief to a defendant served by publication as provided by Rule 59(j) or to set aside a judgment for fraud upon the court. The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

No cases have been found in Arizona which have squarely set aside a default judgment based on this catch-all provision of Clause 6. The discretion of 60(c)(6) is from the Federal Rules of Civil Procedure 60(b)(6). The rule has significance in two ways in that it extends the scope for relief from a judgment in the five preceding clauses and gives the court sufficient latitude to set aside judgments when in extraordinary circumstances that action is appropriate to accomplish justice. It has been described as a "grand reservoir of equitable power to do justice in a particular case. [citations omitted]" Radack v. Norwegian American Line Agency, Inc., 318 F.2d 538, 542 (2d Cir. 1963). It is a motion which is addressed to the sound discretion of the trial court. Several general broad presumptions are of important influence in this area. These include the following:

1) It is a desirable legal objective that a case be decided on the merits. Thunderbird Farms v. Hernandez, 11 Ariz.App. 383, 464 P.2d 829 (1970);

2) On motion to vacate a default, any doubt which may exist should be resolved in favor of the application of the rule to the end of securing a trial on the merits. Marquez v. Rapid Harvest Co., 99 Ariz. 363, 409 P.2d 285 (1965); and

3) An appellate court should be more loath to reverse an order vacating a default judgment than an order denying a motion. Marsh v. Riskas, 73 Ariz. 7, 236 P.2d 746 (1951).

Federal cases reveal that relief is given under Clause 6 in those cases in which the judgment was obtained by the improper conduct of the party in whose favor it was rendered or the judgment resulted from the excusable default of the party against whom it was directed under circumstances going beyond the specific clauses of the rule. The court then considers whether relief under Clause 6 will further justice without affecting substantial rights of the parties. United States v. Cato Bros. Inc., 273 F.2d 153, 157 (4th Cir. 1959). It should be noted that the broad power granted by Clause 6 is not for the purpose of relieving a party from free, calculated and deliberate choices he has made. A party has a duty to take legal steps to protect his own interests. Ackerman v. United States, 340 U.S. 193, 71 S.Ct. 209, 95 L. Ed. 207 (1950). In Wright and Miller, Federal Practice and Procedure, Civil §§ 2864, pp. 219–220, it is said:

> "... that clause (6) is reserved for extraordinary cases, and they [the courts] have said that that clause and the other clauses of the rule are mutually exclusive. At the same time they have acted on the premise that cases of extreme hardship or injustice may be brought within a more liberal dispensation than a literal reading of the rule would allow. Relief often is denied on the ground that an insufficient showing has been made, but if the facts are compelling enough the courts are ready to find that 'something more' than one of the grounds stated in the first five clauses is present, and that relief is available under clause (6)."

The totality of facts and circumstances in the instant case are in our judgment sufficient to utilize Clause 6 and supports a holding that the trial court in setting aside the default judgment used sound discretion. Uncertainty exists as to whether the Jancas received service of process. Execution of judgment did not occur until some ten months later when the sheriff went to appellees' tavern to demand satisfaction of the appellant's judgment. The affidavits indicate that Mrs. Janca told him there must be some mistake and to check with the court because she had never been served with any papers. Then it was another six months from the time of the execution of the judgment until the appellees were served with a subpoena for a debtor's supplemental hearing which was the first personal service of process re-

**338**

ceived by them. Within one month they moved to set aside the judgment. Thus, in effect it can be argued that appellees had no legal duty to move to set aside the judgment until they personally received service of process. When armed with the knowledge of the default judgment entered against them they acted expeditiously to have it set aside. In addition, where a large judgment of $25,000 has been entered on default on a trip and fall case where the injury sustained was allegedly merely a twisted knee and torn ligaments, serious consideration must be given to the presumption of resolution of cases on their merits. In Tozer, et al. v. Krause, 189 F. 2d 242 (3rd Cir. 1951), the court said, at page 245:

> "Matters involving large sums should not be determined by default judgment if it can reasonably be avoided. [citations omitted]. Any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits. [citations omitted]"

The trial court cannot be said to have erred, for the facts raise doubts as to the propriety of the judgment and as to appellees' knowledge and lack of diligence in pursuing their defense in regard to it. We believe this was an excusable default, going beyond the earlier clauses of the rule. We therefore find no abuse of discretion and affirm the trial court's holding in setting aside the default judgment. The interests of justice are best served by a trial on the merits.

STEVENS, J., concurring.

HAIRE, Judge (specially concurring):

I concur in the result reached by the majority on the basis that Rule 60(c)(4), Rules of Civil Procedure, 16 A.R.S. furnishes an adequate basis for the setting aside of the default judgment by the trial court. I specifically disapprove the majority's analysis and application of Rule 60(c)(6) to the facts presented in this appeal.