529 P.2d 726

**Frank SLOAN, Appellant,**

v.

**FLORIDA–VANDERBILT DEVELOPMENT CORPORATION, a corporation, Appellee.**

**No. 1 CA–CIV 2234.**

Court of Appeals of Arizona, Division 1, Department C.

Dec. 19, 1974.

Rehearing Denied Jan. 15, 1975.

Review Denied Feb. 25, 1975.

James J. Cox, Jr., Phoenix, for appellant.

Meadow, Nastro & Thrasher by Kenneth A. Winsberg, Phoenix, for appellee.

## OPINION

FROEB, Judge.

This is an appeal from an order vacating a default judgment.

Our review is to determine whether the record presents any basis under 16 A.R.S., Rules of Civil Procedure, Rule 60(c), for the exercise of discretion in setting aside the judgment. We conclude that it does not. In reaching this result, we follow a

similar decision of the Arizona Supreme Court in Lynch v. Arizona Enterprise Mining Co., 20 Ariz. 250, 179 P. 956 (1919), where it was held:

"We are loath to disturb any order of the lower court based upon the exercise of its discretionary power, but feel that a failure to do so in the case at bar would set a precedent that would imperil the safety of every default judgment, however regularly obtained, where the summons had been served on the defendant's statutory agent." 20 Ariz. 250, 254, 179 P. 956, 957.

Frank Sloan, the appellant, filed suit against Florida-Vanderbilt Development Corporation, an Ohio corporation, the appellee, to recover a real estate brokerage commission arising out of negotiations for a purchase of land located near Chandler, Arizona. The summons and complaint were duly served upon the corporation's statutory agent in Arizona, C T Corporation System, on July 29, 1971, at 11:00 A. M. The papers never reached Florida-Vanderbilt Development Corporation, whose offices were located in both Ohio and Florida. The record furnished to this court provides only fragments of the story of what happened to the summons and complaint after it was received by C T Corporation System.

Thereafter, Sloan filed a default against Florida-Vanderbilt Development Corporation in Superior Court on August 23, 1971, and recovered judgment in the amount of $140,000 against Florida-Vanderbilt on September 27, 1971. He proceeded to search for assets in Arizona belonging to the corporation upon which to levy attachment; not finding any, suit was brought upon the judgment in Ohio, where Sloan believed assets were located. It was then, some seven months after the entry of default judgment, that Florida-Vanderbilt filed its motion to set aside the judgment.

Florida-Vanderbilt attacked the judgment on two grounds. It argued that (1) part 6 of Rule 60(c) provided a basis for relief from the judgment, and (2) the circumstances demonstrated a fraud on the court.

The trial court found that "good cause" existed and entered its order vacating the judgment on August 23, 1972, without further elaboration.

We find the application of a mere "good cause" test to have been in error since, to set aside a judgment, Rule 60(c) requires a showing of specific grounds found in the rule. Hence, we must carefully scrutinize the record before us to see if there exists a reason under Rule 60(c) by which the exercise of discretion was justified. In this search we are mindful of several well-established principles which should guide us: First, default judgments are not favored by the courts; second, it is a desirable legal objective that a case be decided on the merits; third, doubt, if any, should be resolved in favor of setting aside a default judgment; and fourth, the decision reached by the trial court will be sustained on appeal unless the record demonstrates a clear abuse of discretion.

At the same time, there are other principles which confront us in our duty. First, when a judgment becomes final, the power of the court to open it is governed by specific rules set forth in the Arizona Rules of Civil Procedure; second, a judgment must at some reasonable point in time achieve finality; third, a burden of explanation as to why a party has not responded to lawful service of process is placed upon the party seeking to set aside a default judgment.

We have no difficulty in deciding that Florida-Vanderbilt's second contention, namely that the judgment was a result of a fraud on the court, cannot be sustained. To support this contention, Florida-Vanderbilt presents a combination of four facts which it says collectively amount to a fraud on the court.

The first two facts relied upon relate to two letters which Florida-Vanderbilt urges should have been offered to the court at the original default hearing. One

is a letter from Florida-Vanderbilt to Sloan dated August 20, 1970, regarding payment of a broker's commission on terms different from those set forth in the listing agreement. The other is a letter dated December 17, 1970, sent by attorney Stephen T. Meadow, then representing Florida-Vanderbilt in another lawsuit, to the title company purporting to disavow all of the company's further obligations respecting the land transaction for which Sloan acted as its agent. We note these documents relate to the issue of liability of Florida-Vanderbilt to Sloan for an agent's commission and, in a contested proceeding, might have been admissible if offered in evidence. But in a default hearing pursuant to Rule 55(b), there is no duty on the part of a party either to present all of its evidence in support of his claim for damages or to offer evidence in his possession which is contradictory to either liability or damages. See Postal Benefit Insurance Co. v. Johnson, 64 Ariz. 25, 165 P.2d 173 (1946). Of course, a party cannot present false evidence to establish a default judgment, for such would be a fraud on the court justifying relief under Rule 60(c). In the case at bar there is no indication that the evidence which was furnished at the default hearing was false or misleading to the court.

The third fact urged by Florida-Vanderbilt on the fraud issue is that Sloan and his attorney knew that Florida-Vanderbilt had a local attorney, Stephen T. Meadow, and they should have notified him of the suit in addition to serving the summons and complaint upon the statutory agent. We observe, however, that service of process upon such attorney would not have been valid service upon Florida-Vanderbilt. We know of no rule which would require a party to contact another's representative when a summons and complaint is filed, however considerate or desirable such a gesture might actually be.

The fourth fact urged is a claim that the six-month delay before Sloan took steps to collect the judgment was contrived so as to deprive Florida-Vanderbilt of notice of the judgment within that period. This contention is not borne out by the record, and thus we do not consider what legal consequence, if any, would arise from it.

Thus, as to the contention of fraud, we are unable to find that it is present. We proceed then to a more difficult question, namely whether part 6 of Rule 60(c) offers a basis to set aside the judgment.

The full text of Rule 60(c) reads as follows:

"60(c) Mistake; inadvertence; surprise; excusable neglect; newly discovered evidence; fraud, etc. On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(d); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment on which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective applications; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than six months after the judgment, order or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to grant relief to a defendant served by publication as provided by Rule 59(j) or to set aside a judgment for fraud upon the court. The

procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

Upon the entry of judgment a party must proceed in accordance with this rule if it seeks to be relieved from its operation. If the motion to set aside the judgment is made in a reasonable time, but in any event not later than six months, the court may, in the exercise of its discretion, grant relief on any one of the enumerated grounds. After six months, the grounds set forth in parts 1, 2 and 3 are not available as a basis for relief. Hence, in this case, the court did not have discretion to set the judgment aside under part 1 for either "mistake, inadvertence, surprise, or excusable neglect," or for that matter to set it aside under parts 2 or 3.

It is for this reason that Florida-Vanderbilt proceeded under part 6 of the rule in its motion and urged the trial court that there was another "reason justifying relief from the operation of the judgment."

The search for the "other reason" is the basis of our review.

■ It cannot be one of the reasons set forth in parts 1 through 5 of Rule 60(c), for part 6 provides for unenumerated grounds which do not appear in the other parts. Part 6 is additional to parts 1 through 5; they are mutually exclusive. Klapprott v. United States,[1] 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949); Ackermann v. United States,[1] 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950); Vander Wagen v. Hughes, 19 Ariz.App. 155, 505 P.2d 1046 (1973); Roll v. Janca, 22 Ariz. App. 335, 527 P.2d 294 (1974). See also 7 Moore's Federal Practice, ¶ 60.27.

"In simple English, the language of the 'other reason' clause, *for all reasons except the five particularly specified,*

vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." Klapprott v. United States, 335 U.S. 601, 614–615, 69 S.Ct. 384, 390, 93 L.Ed. 266. (emphasis added)

The language of part 6 itself indicates that it is a residual clause dealing with matters not covered in the preceding five parts. Further, the maximum time limitation of six months as it pertains to parts 1, 2 and 3 would be meaningless if, following six months, relief could be granted under part 6 for reasons covered by parts 1, 2 and 3. Again, see 7 Moore's Federal Practice, ¶ 60.27.

" . . . [Part] 6 does not confer a discretionary dispensing power upon the [trial] court to grant relief on the basis of any reason enumerated in the preceding [parts] . . . ." 7 Moore's Federal Practice, ¶ 60.27(2) at 353.

The facts relevant to determination of whether grounds for relief exists under part 6 appear in affidavits filed with the trial court in support of the motion to set aside the judgment.

■ The summons and complaint were served on C T Corporation System, statutory agent for Florida-Vanderbilt, on July 29, 1971, at 11:00 A.M.

There is no affidavit from C T Corporation System disclosing what became of the papers thereafter. The affidavit of Stephen T. Meadow, Arizona counsel for Florida-Vanderbilt, sets forth on information and belief that they were sent by C T Corporation System to its office in Cleveland, Ohio, and thereafter forwarded to Dominic Olivo, a Cleveland attorney. Mr. Olivo states in his affidavit that he was attorney for Florida-Vanderbilt during 1969 and 1970, but that he was advised in September 1970, by the company that his serv-

---

1. Federal Court decisions on this subject are persuasive.

Rule 60(c), Arizona Rules of Civil Procedure, is taken from and is very similar to its counterpart, Rule 60(b), of the Federal Rules of Civil Procedure. The portion of the Arizona rule at issue is identical to the Federal rule, with the exception that the Federal rule provides for a one-year limitation on parts 1, 2 and 3, whereas the Arizona time limit is six months.

ices were no longer required and that other counsel would subsequently represent the corporation. He further states that he so advised the Cleveland office of C T Corporation System and directed that he was no longer to be listed on their records as attorney for Florida-Vanderbilt. His affidavit also states that he never received a copy of the summons and complaint from C T Corporation System until after the motion to set aside the judgment was filed.

The affidavit of William J. Workman, Assistant Vice-president of C T Corporation System and the person in charge of the Cleveland office, is silent as to the handling of the summons and complaint, but states that to his knowledge Mr. Olivo did not, prior to April 18, 1972, advise C T Corporation System that he was no longer to be listed as counsel for Florida-Vanderbilt and recipient for service of process.

The affidavit of Rosemary Samulak indicates that she was a legal secretary for Mr. Olivo's law firm, Olivo, Christoff and Maher, from 1967 to the present. It states her signature appears on a post office receipt for certified mail No. 298,053, delivered to the firm of Olivo, Christoff and Maher on August 3, 1971. It also states that she has no recollection of either receiving the papers or signing a receipt.

The affidavit of Guy Wilson, Vice-president of Florida-Vanderbilt in charge of the company's Akron, Ohio, office states that neither he nor his office ever received the suit papers from Mr. Olivo or anyone else.

The affidavit of Richard J. Baker, Secretary of Florida-Vanderbilt, states that he kept the records of the company and that on May 16, 1971, the company changed its name to Mayflower Realty, Inc. He further states that to his knowledge neither he nor anyone else received a copy of the summons and complaint or notice of the lawsuit.

The foregoing constitutes the sketchy factual record upon which we must apply the provisions of Rule 60(c). We are unable to determine whether the summons and complaint were transmitted by C T Corporation System and delivered to Mr. Olivo. We do know that they never reached Florida-Vanderbilt.

From this, we can conclude that either Florida-Vanderbilt was neglectful in communicating with its statutory agent, C T Corporation System, as to whom legal process should have been delivered or, the statutory agent was neglectful in its handling of the papers or, the office of Mr. Olivo, the former attorney for Florida-Vanderbilt, was neglectful in its disposition of the documents.

It is apparent, then, that the omission which occurred, regardless of whose it was, constituted "mistake, inadvertence, surprise or . . . neglect" under part 1 of Rule 60(c). Consequently, it is not some other "reason justifying relief . . ." under part 6 of Rule 60(c). As we have said, part 6 reserves to the court power to do justice in a particular case when relief is not warranted by parts 1 through 5. Since these clauses are mutually exclusive, by no stretch of legal reasoning can we conclude that what occurred was other than either mistake, inadvertence, surprise or neglect. In fact, it may even have been deemed "inexcusable" neglect had the issue arisen within six months of the entry of judgment. Cf., Postal Benefit Insurance Co. v. Johnson, supra.

We are aware that the result we reach is harsher than if it were to the contrary, but it is no more strict than the clear words of Rule 60(c) itself. If a less strict standard is to be imposed, the rule itself should be changed to bring this about.

For these reasons we reverse the order of the trial court dated August 23, 1972, setting aside the default judgment.

WREN, P. J., and NELSON, J., concur.