590 P.2d 483

Harold E. GENDRON and Margaret Gendron, husband and wife, Plaintiffs/Appellants,

v.

SKYLINE BEL AIR ESTATES, an Arizona Corporation, J. W. Albertz and Florenze Albertz, husband and wife, Defendants/Appellees.

No. 2 CA–CIV 3000.

Court of Appeals of Arizona, Division 2.

Jan. 30, 1979.

## OPINION

HOWARD, Judge.

This is an appeal from an order setting aside appellants' entry of default and default judgment. Appellants contend the trial court abused its discretion. We do not agree and affirm.

Appellants' original complaint, filed September 10, 1976, alleged that the defendants had violated the subdivision restrictions of Skyline Bel Air Estates by building or allowing a house to be built in violation of the setback requirements contained in the subdivision restrictions. In addition to the named defendants, appellants listed fictitious corporations and persons as defendants.

On September 29, 1976, appellants amended the body of their complaint to show appellees' names as the true names of the fictitious defendants. However, the caption of the amended complaint was not changed to show appellees as defendants. The amended complaint was served upon all the named defendants and the appellees. An answer to the amended complaint was subsequently filed on behalf of all the named defendants by Jerome S. Sonenblick, Esq., but not on behalf of the appellees.

On December 15, 1976, appellants' attorney sent Mr. Sonenblick a letter which stated that on reviewing the file he saw that an answer had not yet been filed by appellees. The letter also said:

"In our phone conversation last month you indicated that you would file an answer for Skyline and check to see if you are supposed to answer for the Albertz. I intend to file an entry of default for all three on December 27 if answers are not received by the court by December 26."

In response, Mr. Sonenblick expressed some confusion as to whether appellees were defendants in the action. Appellants' attorney sent another letter to Mr. Sonenblick, dated December 27, 1976, pointing out that although appellees were not named in the caption of the amended complaint as defendants, they were in the body of the amended complaint and they had been served with process. Appellants' attorney further stated in the letter:

"If you are going to file an answer for any of these three defendants, please do so by the end of this week, December 31st."

Mr. Sonenblick sent this letter back to appellants' attorney with the following notation: "Dan, going out of town, will file by 1–7–77. Jerry" The answer was never filed.

On March 8, 1977, default was entered against appellees and on March 28, 1977 a default judgment was entered against them in the sum of $50,000. Although the suit was proceeding against the other defendants represented by Mr. Sonenblick, and although Mr. Sonenblick and the attorney for appellants had several conversations about the case after March 28, 1977 and participated in a deposition in September 1977, appellants' attorney never told Mr. Sonenblick about the default judgment. It was not until Mr. Albertz tried to secure financing for a home that the entry of default judgment was discovered. Appellees immediately filed on December 21, 1977 their motion to set aside the entry of default and the default judgment pursuant to Rule 60(c), 16 A.R.C.P. Attached to the motion was the affidavit of one of the parties, the alleged reversionary owner of the subdivision, in which he stated that the setback requirements in the case at issue were waived by him pursuant to the authorization contained in the deed restrictions. Appellants do not contend that this affidavit did not show the existence of a meritorious defense. Also attached was the affidavit of Mr. Sonenblick which contained his explanation as to why the answer was not filed. This was supplemented by his avowals to the trial court at the hearing of this matter.

Mr. Sonenblick's explanation shows that he dictated an answer to the amended complaint on appellees' behalf. During this period of time his secretary was ill and was typing at home. Apparently the answer was typed, because a copy was in the file. However, the original was never filed with the court and a copy was never sent to appellants' attorney. Mr. Sonenblick at all times thought that the answer had been filed.

The determinative issue is whether the trial court properly allowed relief under Rule 60(c)(6), which permits the court to set aside the entry of default and default judgment for ". . . any other reason justifying relief from the operation of the judgment. . . ." Appellants contend that at most appellees have shown mistake, inadvertence or excusable neglect and, since the motion to set aside was not made until more than six months after entry of judgment, the trial court could not set the judgment aside. We do not agree. We believe that more than just mistake, inadvertence or excusable neglect was shown.

It is clear that had appellees discovered what had happened prior to the expiration of six months and had moved to set aside the judgment under Rule 60(c)(1) on the grounds of mistake, inadvertence and excusable neglect, the trial court would not have abused its discretion in setting the judgment aside. See *Coconino Pulp and Paper Company v. Marvin*, 83 Ariz. 117, 317 P.2d 550 (1957); *Kohlbeck v. Handley*, 3 Ariz.App. 469, 415 P.2d 483, 21 A.L.R.3d 1248 (1966). Appellees did not file a motion to set aside because appellants' counsel did not mention entry of the judgment to Mr. Sonenblick, even though the case was still pending against the other defendants, was being actively defended by Mr. Sonenblick, and appellants' counsel knew that Mr. Sonenblick had intended to file an answer on their behalf. Rule 60(c)(6) gives the courts ample power to vacate judgments whenever such action is appropriate to accomplish justice. *Arizona State Department of Economic Security v. Mahoney*, 24 Ariz.App.

534, 540 P.2d 153 (1975). A motion under Rule 60(c)(6) is addressed to the sound discretion of the trial court. *Roll v. Janca*, 22 Ariz.App. 335, 527 P.2d 294 (1974). The totality of circumstances in the instant case show no abuse of the court's discretion.

Affirmed.

HATHAWAY, J., and JACK T. ARNOLD, Superior Court Judge, concur.

NOTE: Judge JAMES L. RICHMOND having requested that he be relieved from consideration of this matter, Judge JACK T. ARNOLD was called to sit in his stead and participate in the determination of this decision.