611 P.2d 951

**Michiko HOSOGAI, a surviving widow, Individually and on behalf of the surviving children of Fukuo Hosogai, deceased, Plaintiff-Appellee,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Garnishee/Defendant-Appellant.**

**No. 1 CA–CIV 4322.**

Court of Appeals of Arizona, Division 1, Department A.

April 15, 1980.

Rehearing Denied May 19, 1980.

Review Denied June 3, 1980.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by John H. Westover, P. Michael Whipple, Phoenix, for garnishee/defendant-appellant.

Robert J. Welliever, Phoenix, and Ben J. Martin, Scottsdale, for plaintiff-appellee.

## OPINION

FROEB, Presiding Judge.

At issue in this appeal is whether a garnishment judgment is valid if a prior judgment upon which the garnishment action was based has been reversed.

The prior judgment was an action for the wrongful death of Fukuo Hosogai, husband of Michiko Hosogai, appellee here (Hosogai). The deceased was a passenger in an automobile driven by Hiroshi Kadota, defendant in the original action and a resident of Japan. Kadota was insured by Liberty Mutual Insurance Company (Liberty Mutual), appellant here.

Hosogai prevailed in the wrongful death action against Kadota and was awarded a judgment of $225,000.00. Kadota appealed but did not stay the enforcement of the judgment by posting a supersedeas bond as permitted by 17A A.R.S. Rules of Civil Appellate Procedure, rule 7. Consequently, Hosogai filed a writ of garnishment against Liberty Mutual for $100,000.00, the limit of

Kadota's insurance coverage. Liberty Mutual answered that, under the terms of the policy, it was only required to pay Kadota pursuant to a valid judgment and asserted that the judgment rendered against Kadota was invalid due to ineffective service of process upon him. Rejecting the contention the trial court sustained the garnishment against Liberty Mutual and entered judgment for $100,000.00. Enforcement of *this* judgment was stayed by the filing of a supersedeas bond and Liberty Mutual brought the present appeal. Since that time this court decided the appeal from the underlying wrongful death action and concluded that the judgment against Kadota was void due to lack of service of process. *Kadota v. Hosogai*, 608 P.2d 68 (Ariz.App. 1980). We therefore must consider the effect of the latter decision upon this case.

Liberty Mutual argues that the decision in *Kadota* is dispositive. It argues that since the wrongful death judgment has been declared *void*, there is no valid basis for the garnishment and the judgment thereon must be reversed. Hosogai argues, however, that the decision in *Kadota* is of no effect here because, *at the time* the writ of garnishment was filed and judgment entered on it, the *Kadota* judgment was valid and its enforcement had not been stayed by a supersedeas bond. Therefore, Hosogai argues that the garnishment judgment, since it was valid when rendered, is still valid and should be affirmed. We disagree and hold that the *Kadota* decision requires that the garnishment judgment be set aside.

A.R.S. § 12–1571(A) sets forth the grounds for issuance of a writ of garnishment. It states:

A. The clerk of the court or justice of the peace shall issue writs of garnishment, returnable to their respective courts, in the following cases:

1. After entry of an order pursuant to the provisions of chapter 14 of this title, and when:

(a) An original attachment has been issued.

(b) The plaintiff sues for a debt and makes affidavit that the debt is just, due and unpaid. The term "debt" includes every claim or demand for money, not arising from tort.

2. When any party in an action has been awarded a money judgment.

The writ of garnishment in this case was issued pursuant to paragraph (A)(2) of A.R.S. § 12–1571 by reason of the "money judgment" entered in the underlying action. That judgment has now been held void. *Kadota v. Hosogai.* Since the garnishment judgment is entirely dependent upon it, it must be vacated. The same situation was faced by the Supreme Court of Colorado in *Zurich Insurance Company v. Bonebrake,* 137 Colo. 37, 320 P.2d 975 (1958). There, Bonebrake secured a $32,500.00 judgment against E. M. Davis and George K. Niehouse. Davis and Niehouse appealed but failed to file a supersedeas bond. Accordingly, Bonebrake instituted garnishment proceedings against Zurich Insurance Company, insurers of Davis and Niehouse, and obtained judgment for the limit of coverage of the insureds. Zurich appealed the garnishment judgment. In the meantime, judgment in the original action was reversed on appeal. The court in the garnishment appeal said:

The garnishment here is an ancillary proceeding in aid of execution pursuant to an existing judgment. (citation omitted) No stay of execution by filing the required bond having been effected in the main case, the trial judge entered judgment in the garnishment proceeding.

At most, the judgment in the principal proceeding was presumptively valid while lodged in this court for review. (citation omitted) Such judgment when not superseded by virtue of the failure to furnish the required bond leaves the judgment creditor in the position "to take usual steps to enforce collection of his judgment, precisely as if supersedeas had not been granted." (citation omitted)

But in the instant case the liability of Zurich is wholly dependent upon ultimate liability being established against Davis and Niehouse. . . .

**600**

The reversal of a judgment upon which a garnishment is based leaves nothing to sustain the judgment against the garnishee. (citation omitted) If the original judgment is reversed, "the judgment in garnishment is deprived of a basis and falls with it." (citation omitted) The existence of a valid judgment is a jurisdictional prerequisite to garnishment relief. (citation omitted)

As the judgment in the main case has been reversed, and because it is made the basis of the garnishment, it must follow that the judgment in the garnishment proceeding cannot stand alone and must be reversed. 137 Colo. at 38–39, 320 P.2d at 976.

We agree with the conclusion of the Colorado court. The determination on direct appeal that the underlying judgment was void removed the jurisdictional foundation for the garnishment. We hold the garnishment judgment cannot stand on its own without it.

There is a procedural shortcut involved here which should be mentioned. We have in *this* appeal noticed our own decision in the appeal from the underlying money judgment. Having done so, we logically must apply it to this appeal and do so without the formality of further proceedings in the trial court. The same result would be reached if Liberty Mutual were to file a motion in the trial court to set aside the garnishment judgment in accordance with 16 A.R.S. Rules of Civil Procedure, rule 60(c)(5), which provides for relief on the ground that "[A] prior judgment on which [the garnishment judgment] is based has been reversed or otherwise vacated . . . ."

For the reasons stated, we conclude that, although the garnishment judgment was correctly entered by the trial court, it must now be reversed by reason of our decision in *Kadota v. Hosogai.*

DONOFRIO and WREN, JJ., concur.