655 P.2d 15

James WEBB, Plaintiff-Appellant,

v.

Carl S. ERICKSON and Nancy J. Erickson, husband and wife, Defendants,

and

James M. Bates,
Garnishee-Defendant-Appellee.

No. 1 CA–CIV 5138.

Court of Appeals of Arizona,
Division 1, Department A.

Dec. 31, 1981.

Rehearing Denied Feb. 1, 1982.

Review Granted March 9, 1982.

Lawrence J. Marks, Phoenix, for plaintiff-appellant.

Lebowitz & Frondorf by Shirley H. Frondorf, Phoenix, for garnishee-defendant-appellee.

## OPINION

CONTRERAS, Judge.

At issue is whether the trial court abused its discretion in vacating a default judgment entered against garnishee-defendant-appellee. We find that the trial court's action was not justified under any subsec-

tion of Rule 60(c), Arizona Rules of Civil Procedure, and therefore reverse.

## FACTUAL BACKGROUND

On August 5, 1975, appellant Webb obtained a default judgment against Carl S. Erickson and Nancy J. Erickson, husband and wife, in the amount of $5,000 plus interest, plus $1,500 in attorneys' fees. The judgment represented two (2) promissory notes and a check for insufficient funds executed by Carl Erickson.

On November 22, 1975, appellant Webb served a summons and writ of garnishment on appellee Bates at his home. Appellee Bates did not answer the writ.

Appellee Bates stated in a subsequent affidavit that he did not have a clear memory of his reaction to receiving the summons in 1975 and that he had recently been discharged from St. Luke's Hospital for treatment of depression. He stated that he assumed that the summons was not intended for him because he had never heard of James Webb, and was not connected with a dispute between James Webb and Carl and Nancy Erickson. Bates stated that he probably knew that Carl Erickson was the real estate agent who had been concerned with selling the Bates' house in November 1975. However, it was his impression that the proceedings were in escrow at Minnesota Title. He felt that he had no control, or considered that he had no control, over the escrow proceedings in Minnesota Title and that he had never paid any money to Carl Erickson.

On February 27, 1976, Webb obtained a default judgment against the garnishee, appellee Bates, for the full amount of the underlying judgment against the Ericksons. The default judgment had been supported by a motion filed by appellant Webb, in which he sought judgment by virtue of A.R.S. § 12–1583. The record reflects that no copy of the default judgment obtained pursuant to A.R.S. § 12–1583 was mailed to the garnishee Bates.

The record reflects that no action was taken in respect to the default judgment that Webb had obtained against garnishee-

appellee Bates on February 27, 1976, for three and one-half years. On August 7, 1979, Webb filed a writ of garnishment with the Salt River Project, garnishing Bates' wages on the basis of the default judgment obtained in 1976, and seeking to collect the original amount of the judgment against the Ericksons.

On August 16, 1979, garnishee-appellee Bates filed a motion to vacate judgment pursuant to Rule 60(c) and a motion to stay the execution of the judgment. After a response and oral argument, the superior court issued an order granting garnishee-appellee Bates' motion setting aside the default judgment and entry of default and quashing the writ of garnishment as to Bates' employer. (Minute entry of September 6, 1979). A formal judgment to this effect was entered on September 19, 1979. This appeal follows.

Appellee contends that relief under clauses 4, 5 and/or 6 of Rule 60(c) was justified by the following facts:

1. The ineffective quality of notice provided by the summons on garnishment to the non-commercial garnishee defendant.
2. The fact that the role of the garnishee defendant is unfamiliar to the non-commercial garnishee and appellant made no effort to communicate with the garnishee, either before or after the default judgment was obtained, to explain the nature of the action.
3. The delay of some three and one-half years before notifying appellee of the default judgment.
4. The fact that Erickson listed the underlying debt on a petition for discharge in bankruptcy.
5. The possibility that appellant may have received multiple recoveries on the same underlying judgment.
6. The fact that appellee Bates owed no clear, ascertainable, or noncontingent "debt" to either the judgment creditor Webb or to the judgment debtor Erickson at the time the garnishment was served.

The foregoing will be referred to as appellee's fact # 1, 2, 3, 4, 5 or 6 under appropriate headings.

Appellant Webb contends that the default judgment entered against Bates was not inequitable and did not fall within any of the provisions of Rule 60(c) justifying relief from the judgment.

RULE 60(c) RELIEF IN GENERAL

Rule 55(c), Arizona Rules of Civil Procedure, provides:

55(c) Setting aside default. For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(c).

Rule 60(c), Arizona Rules of Civil Procedure, provides:

60(c) Mistake; inadvertence; surprise; excusable neglect; newly discovered evidence; fraud, etc. On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(d); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment on which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be filed within a reasonable time, and for reasons (1), (2) and (3) not more than six months after the judgment or order was entered or proceeding was taken....

In *Sloan v. Florida-Vanderbilt Development Corp.,* 22 Ariz.App. 572, 529 P.2d 726 (1974), this court set forth the general principles governing our review of the trial court's decision:

[W]e must carefully scrutinize the record before us to see if there exists a reason under Rule 60(c) by which the exercise of

discretion was justified. In this search we are mindful of several well-established principles which should guide us: First, default judgments are not favored by the courts; second, it is a desirable legal objective that a case be decided on the merits; third, doubt, if any, should be resolved in favor of setting aside a default judgment; and fourth, the decision reached by the trial court will be sustained on appeal unless the record demonstrates a clear abuse of discretion.

At the same time, there are other principles which confront us in our duty. First, when a judgment becomes final, the power of the court to open it is governed by specific rules set forth in the Arizona Rules of Civil Procedure; second, a judgment must at some reasonable point in time achieve finality; third, a burden of explanation as to why a party has not responded to lawful service of process is placed upon the party seeking to set aside a default judgment.

22 Ariz.App. at 574, 529 P.2d at 728.

■ A mere showing of "good cause" is insufficient grounds for setting aside a default judgment; a showing of one of the specific grounds set forth in Rule 60(c) is required. *Id.*

■ While it has been held that more liberality should be shown in setting aside a judgment against a defaulting garnishee than one against a defaulting defendant, *Gutierrez v. Romero,* 24 Ariz. 382, 210 P. 470 (1922); *Comision Monetaria v. Sonora Bank & Trust Co.,* 28 Ariz. 369, 236 P. 1114 (1925); *cf. Riggs v. Huachuca Investment Co.,* 2 Ariz.App. 527, 410 P.2d 149 (1966), no such distinction is made explicit in the current statutes or rules, and Rule 60(c) applies to defaults taken against garnishees as well as those taken against other defendants.

RELIEF UNDER RULE 60(c)(1)

■ A default judgment can be set aside on grounds of "mistake, inadvertence, surprise or excusable neglect." Appellee's facts # 1 and 2 allege "excusable neglect." But a motion alleging such grounds must be

filed "not more than six months after the judgment or order was entered." Appellee failed to file the motion within six months of the default judgment, and therefore relief is unavailable under Rule 60(c)(1).

The six-month limitation is strictly adhered to, and the fact that appellee received no notice of the judgment until three years later (appellee's fact # 3) does not affect the unavailability of relief. That fact does not "toll" the six-month period set forth in the rule. *Leahy v. Ryan,* 20 Ariz. App. 110, 510 P.2d 421 (1973); *Gendron v. Skyline Bel Air Estates,* 121 Ariz. 367, 590 P.2d 483 (App.1979). (But note the inconsistent treatment in *Leahy* and *Gendron* of the Rule 60(c)(6) claim, discussed below).

### RELIEF UNDER RULE 60(c)(4)

A default judgment can be set aside on grounds that "the judgment is void." It is clear that the six-month time limit applicable to motions based on Rule 60(c)(1), (2) or (3) is not applicable to a motion on the grounds that the judgment is void. *Walls v. Stewart Bldg. & Roofing Supply, Inc.,* 23 Ariz.App. 123, 531 P.2d 168 (1975).

It has been stated that the courts will not "condone ... lengthy delays" in filing motions on this ground. *Price v. Sunmaster,* 27 Ariz.App. 771, 774, 558 P.2d 966, 969 (1976). Likewise, where the grounds for relief are not specified, it has been held that unreasonable delay in filing the motion precluded granting the motion. *State v. Swingle,* 110 Ariz. 66, 514 P.2d 1254 (1973). On the other hand, it has been held that even the "reasonable time" requirement does not apply when the judgment attacked was void. *International Glass & Mirror, Inc. v. Banco Ganadero y Agricola, S.A.,* 25 Ariz. App. 604, 545 P.2d 452 (1976), and cases cited therein; *Springfield Credit Union v. Johnson,* 123 Ariz. 319, 599 P.2d 772 (1979). We need not consider whether appellee's three-year delay was unreasonable because we find that the default judgment was not void, as suggested by appellee's fact # 1.

A judgment may be attacked as void on its face if any of the following elements are lacking:

1. jurisdiction of subject matter;
2. jurisdiction of the person involved; and
3. jurisdiction to render the particular judgment or order entered.

*Matter of Adoption of Hadtrath,* 121 Ariz. 606, 592 P.2d 1262 (1979). When the judgment is void for lack of jurisdiction, the court has no discretion to refuse to vacate the judgment. *Arizona Dept. of Economic Security v. Holland,* 120 Ariz. 371, 586 P.2d 216 (App.1978); *Springfield Credit Union v. Johnson, supra.*

A judgment may be void because of invalid service of process, *Roll v. Janca,* 22 Ariz.App. 335, 527 P.2d 294 (1974), or lack of notice to a non-party with standing. *East v. Hedges,* 125 Ariz. 188, 608 P.2d 327 (App.1980). If a writ of garnishment does not notify the garnishee that if he fails to answer a judgment by default will be entered against him, a subsequent default judgment is void. *International Glass, supra.* Here, appellee was personally served with

1. the writ of garnishment
2. the summons on garnishment
3. the affidavit on garnishment.

The writ clearly directed appellee to answer whether he owed money to the Ericksons, and how much. The summons clearly informed appellee that, if he did not answer within ten days,

> judgment by default may be rendered against you for the full amount of the balance due upon the judgment against the defendant and in favor of plaintiff and not merely for the amount that you may owe to the defendant, and that such judgment may be so rendered in addition to any other matters which may be adjudged against you as prescribed by law.

Appellee's argument that this notice may be sufficient for a commercial garnishee, but is insufficient for a non-commercial garnishee, is neither supported by the law nor the evidence. All jurisdictional prerequisites were present. The judgment was not void.

## RELIEF UNDER RULE 60(c)(5)

A default judgment can be set aside if it has been satisfied, released or discharged, or if a prior judgment on which it is based has been reversed or otherwise vacated. The default judgment against appellee Webb is independent of the underlying judgment against the Ericksons. Appellee apparently claims that the default judgment itself has been "satisfied, released or discharged", to some extent, by recovery from other garnishee-defendants. This is only speculation and is not supported by any evidence in the record. We also note that appellant, in oral argument before this court, argued that the judgment against appellee would be reduced by the amount of recovery from any other party. Appellee also apparently claims that the underlying judgment against the Ericksons has been "reversed or otherwise vacated" by reason of Ericksons' bankruptcy. We seriously doubt that a discharge in bankruptcy is within the scope of this clause. *Cf. Hosogai v. Liberty Mut. Ins. Co.*, 125 Ariz. 598, 611 P.2d 951 (App.1980). Even if it is, there is nothing in the record to indicate that the debt has actually been discharged. Appellee's claims under Clause 5 are without merit.

## RELIEF UNDER RULE 60(c)(6)

■ A default judgment can be set aside for "any other reason justifying relief from the operation of the judgment." It is established that this provision and any of the preceding five are mutually exclusive, *i.e.*, relief cannot be granted under this residuary clause for any of the reasons set forth in the preceding five more specific clauses. *Int'l Ass'n of Machinists and Aerospace Workers v. Petty*, 22 Ariz.App. 539, 529 P.2d 251 (1974); *Sloan, supra; Dunn v. Law Offices of Ramon R. Alvarez, P.C.*, 119 Ariz. 437, 581 P.2d 282 (App.1978). While relief cannot be granted under both Clause 6 and another clause, an appellate court may inquire into the applicability of any clause(s) when the trial court has failed to specify the grounds for relief. *Roll v. Janca, supra.*

Given the above limitation, Rule 60(c)(6) still gives courts ample power to vacate judgments, and especially default judgments, whenever such action is appropriate to accomplish justice. *Arizona Dept. of Economic Security v. Mahoney*, 24 Ariz. App. 534, 540 P.2d 153 (1975); *East v. Hedges, supra.* Clause 6 has been described as a "grand reservoir of equitable power to do justice in a particular case." 7 Moore's Federal Practice, ¶ 60.27[2].

■ The issue presented in this appeal may be clarified by illustrations of three hypothetical sequences of events:

| | I | II | III |
|---|---|---|---|
| | writ of garnishment served on garnishee | writ of garnishment served on garnishee | writ of garnishment served on garnishee |
| | garnishee fails to answer —excusable neglect | garnishee fails to answer —excusable neglect | garnishee fails to answer —excusable neglect |
| within six months | default judgment | default judgment | default judgment |
| | notice of judgment sent to garnishee | notice of judgment sent to garnishee | |
| | motion to set aside default judgment | | |
| after six months | | | notice of judgment sent to garnishee |
| | | motion to set aside default judgment | motion to set aside default judgment |

In hypothetical I, relief would clearly be available under Rule 60(c)(1). In hypothetical II, no relief would be available under Rule 60(c)(1). If excusable neglect [1] were the only grounds, no relief would be available under Rule 60(c)(6). Hypothetical III approximates this case. As noted above, relief under Rule 60(c)(1) remains unavailable. *Leahy, supra; Gendron, supra.* The issue is whether relief under Rule 60(c)(6) likewise remains unavailable, when the garnishee receives no notice of the default judgment until more than six months after the judgment (or, whether the addition of appellee's fact # 3 cures the insufficiency of facts # 1 and 2).[2]

The issue has been considered at least three times by the Court of Appeals. *Roll v. Janca, supra,* was the first Arizona decision to affirm the setting aside of a default judgment on the basis of Rule 60(c)(6). There the court stated:

> When armed with the knowledge of the default judgment entered against them they acted expeditiously to have it set aside.

22 Ariz.App. at 338, 527 P.2d at 297. The court considered the lack of prompt notice of the default judgment to be one of several factors which, taken together, justified relief under Rule 60(c)(6).

The issue was presented more clearly in *Leahy v. Ryan, supra,* and *Gendron v. Skyline Bel Air Estates, supra,* but with contradictory results. Both held that relief was unavailable under Rule 60(c)(1); *Leahy* held that relief was unavailable under Rule 60(c)(6) as well, but *Gendron* held that relief *was* available under Rule 60(c)(6).

*Leahy* held that an untimely Rule 60(c)(1) claim could not be "bootstrapped" into a Rule 60(c)(6) claim.

> "In our opinion plaintiff's motion must properly be considered as a request for relief under the provisions of Rule 60(c)(1). Therefore it is barred by the applicable six months limitation. This limitation cannot be disregarded by the seemingly simple expedient of stating that relief is requested under the provisions of Rule 60(c)(6), where the only limitation is that relief must be requested within a 'reasonable time'.... The provisions of Rule 60(c) were not intended to completely emasculate the sound principle that judgments must at some reasonable point in time achieve finality."

20 Ariz.App. at 112, 510 P.2d at 423, *quoting from Vander Wagen v. Hughes,* 19 Ariz. App. 155, 158, 505 P.2d 1046, 1049 (1973) (not a default judgment case), *and distinguishing C. Meisel Music Co. v. Perl,* 3 Ariz. App. 479, 415 P.2d 575 (1966) (a default judgment case):

> In that case [Meisel], the motion to set aside default judgment was filed nine days short of one year after judgment was rendered by default. Suit was filed against defendants Leidhaber and Perl, and Perl told his co-defendant that he [Perl] would take care of the lawsuit and that Leidhaber need not worry about it any longer. Neither party made an appearance and default judgment was entered. It was distinctly to the advantage of Perl if judgment was entered against Leidhaber as one of the parties defaulted in the action since it would put Leidhaber in the position, as a judgment debtor, of guaranteeing payment of Perl's debt. Thus, the wrong-doer who assured his co-defendant that he would take care of the lawsuit stood to gain if the judgment was not set aside. This presented "extraordinary circumstances" for application of Rule 60(c)(6).

*Id.*

*Gendron,* on the other hand, held that the defaulted defendant, whose attorney had not been informed by plaintiff's attorney of

---

1. We do not believe that appellee's anxiety and hospitalization rises to the level of "disability", qualitatively distinguishable from "excusable neglect", so as to justify relief under Clause 6. *Cf. Transport Pool Div. of Container Leasing, Inc. v. Joe Jones Trucking Co.,* 319 F.Supp. 1308 (N.D.Ga.1970).

2. We note that under Rule 77(g), Arizona Rules of Civil Procedure, a party in default is not entitled to notice. *Cf. Buckeye Cellulose Corp. v. Braggs Electric Construction Co.,* 569 F.2d 1036 (8th Cir.1978).

the default judgment, had alleged more than just excusable neglect, and was therefore entitled to relief under Rule 60(c)(6).

Appellants contend that at most appellees have shown mistake, inadvertence or excusable neglect and, since the motion to set aside was not made until more than six months after entry of judgment, the trial court could not set the judgment aside. We do not agree. We believe that more than just mistake, inadvertence or excusable neglect was shown.

It is clear that had appellees discovered what had happened prior to the expiration of six months and had moved to set aside the judgment under Rule 60(c)(1) on the grounds of mistake, inadvertence and excusable neglect, the trial court would not have abused its discretion in setting the judgment aside. [citations omitted] Appellees did not file a motion to set aside because appellants' counsel did not mention entry of the judgment to Mr. Sonenblick, even though the case was still pending against the other defendants, was being actively defended by Mr. Sonenblick, and appellants' counsel knew that Mr. Sonenblick had intended to file an answer on their behalf.

121 Ariz. at 368, 590 P.2d at 484.

■■■■ We adopt the reasoning of *Leahy* rather than that of *Gendron*. If it is claimed that failure to notify the garnishee of the default judgment is grounds, in and of itself, to set aside the judgment, we cannot accept that claim. In some cases, events after the default judgment may affect the propriety of the judgment in the first place. Examples are newly discovered evidence (Rule 60(c)(2)) and reversal of the underlying judgment (Rule 60(c)(5)). But the contrary is usually the case, *Gonzales v. Whitney,* 90 Ariz. 324, 367 P.2d 668 (1961), and we are unable to say that the failure to notify the garnishee of the default judgment affects in any way the propriety of the judgment in the first place. Nor do we believe that Rule 60(c) was intended to allow any defaulted defendant to have the judgment set aside simply because he was not notified of it within six months.

If it is claimed that failure to notify the garnishee of the default judgment, *coupled with* the garnishee's excusable neglect in failing to answer the writ of garnishment, is grounds to set aside the judgment, we find that claim indistinguishable from the claim that the failure to notify tolls the six-month period in which to move to set aside on grounds of excusable neglect. That latter claim has already been rejected in both *Leahy* and *Gendron*. We believe that *Gendron* is logically inconsistent in granting relief under Rule 60(c)(6) after denying relief under Rule 60(c)(1).

■■■■ Thus, if appellee can show no more than (1) excusable neglect and (2) no notice of the default judgment, relief is unavailable under Rule 60(c)(6). The combination of appellee's facts # 1, 2 and 3 remains insufficient.

■■■■ The fact that appellee may have had a meritorious defense (appellee's fact # 6) does not justify relief under Rule 60(c)(6). While the lack of any meritorious defense may be reason for denying relief, *Gonzales v. Whitney, supra,* the converse is not necessarily true. A meritorious defense is more of a prerequisite to seeking relief than a grounds for relief. *See* Annot., 15 A.L.R. Fed. 193, 220–223.

In summary, of the six facts alleged to justify setting aside the default judgment, we find two of them (# 4 and 5) purely speculative and the rest of them insufficient, even taken together, to justify relief. The judgment of the trial court is therefore reversed.

HAIRE and JACOBSON, JJ., concur.