**Janet REIF and George W. Reif**

v.

**A. H. ROBINS COMPANY.**

Civ. A. No. 76–1630.

United States District Court,
E. D. Pennsylvania.

April 27, 1981.

Daniel Thistle, Philadelphia, Pa., for plaintiffs.

Toni Malloy Keller, Philadelphia, Pa., for defendant.

## OPINION

LUONGO, District Judge.

This is a personal injury action in which plaintiffs seek to recover for serious injuries suffered by Janet Reif allegedly caused by a defective contraceptive device manufactured by defendant A. H. Robins Company. Plaintiffs' action has been dismissed pursuant to Local Rule 23(a),[1] Local Rules of the United States District Court for the Eastern District of Pennsylvania, for failure to prosecute, and plaintiffs now move to vacate the order of dismissal under Rule 60(b), F.R.Civ.P.

The complaint was filed on May 21, 1976. On July 12, 1976, the case was transferred to the District of Kansas pursuant to an order of the Judicial Panel on Multi-District Litigation. On August 23, 1978, the record was transferred back to this district. The docket reflects no activity in the case from that time until June 10, 1980, when the clerk of this court forwarded a notice to plaintiffs' counsel that because there had been no activity of record in the case for a period of a year, the case would be dismissed within thirty days unless the court ordered otherwise.[2] On June 23, 1980,

---

1. "Rule 23 Dismissal and Abandonment of Actions

(a) Whenever in any civil action the Clerk shall ascertain that no proceeding has been docketed therein for a period of more than one year immediately preceding such ascertainment, the Clerk shall send notice to counsel of record or, if none, to the parties, that, unless the court, upon written application filed within thirty (30) days from the date of such notice and upon good cause shown shall otherwise order, the action shall be dismissed. In the absence of such application to or order by the court, the Clerk shall, without special order, enter upon the record 'dismissed, without prejudice under Rule 23,' and shall, upon application by defendant, tax the costs against the plaintiffs."

2. The notice contained the following language tracking the Local Rule:

"You are hereby notified that unless the court shall otherwise order, upon written application filed within THIRTY (30) DAYS from the receipt of this notice, and upon good cause shown, the action shall be dismissed. In the

plaintiffs' counsel, acting upon the belief that dismissal under Local Rule 23 could be avoided so long as there was some activity of record, filed expert interrogatories.

The clerk docketed plaintiffs' interrogatories. Thirty days after the Rule 23(a) notice, despite the absence of an order of the court granting relief, the clerk did not dismiss the action as required by Local Rule 23. Robins objected to plaintiffs' interrogatories on the ground that the action should have been dismissed by the clerk pursuant to the Local Rule. On August 4, 1980, plaintiffs filed a motion to compel answers and motion under Local Rule 23(a) seeking an order directing the clerk not to dismiss the action for failure to prosecute.

On August 29, 1980, I entered an order denying plaintiffs' motion under Local Rule 23(a) on the ground that it was not timely filed, inasmuch as Local Rule 23 provides that such a motion must be filed within thirty days from the date of the clerk's notice, and plaintiffs had waited close to two months before filing. I further ordered the clerk to comply with Local Rule 23(a) by entering a dismissal of the action upon the record. During oral argument on plaintiffs' motion I noted in open court that plaintiffs might have some ground for seeking relief from the dismissal, but that the terms of Local Rule 23(a) are mandatory, and that, in the absence of an order by the court, dismissal within thirty days was required. On September 8, 1980, plaintiffs filed the instant motion.

Plaintiffs first contend that the dismissal should be vacated pursuant to Rule 60(b)(1), which provides that an order may be set aside because of "mistake, inadvertence, surprise, or excusable neglect." Plaintiffs' position is that the order of dismissal was entered because their counsel mistakenly believed that the clerk of court had a practice of not entering a dismissal where a docketable entry is filed in response to a Rule 23 notice. Had counsel known that the filing of interrogatories was insufficient

to avoid dismissal, plaintiffs contend, he would have made a timely application to the court under Local Rule 23 for an order directing the clerk not to dismiss the action.

In order to give plaintiffs the opportunity to substantiate their claim that an unofficial practice in the clerk's office caused counsel not to file a timely Rule 23 motion, I directed the clerk of court to compile a statistical profile of cases in which a Rule 23 notice was sent from January 1 to August 31, 1980. Out of 53 cases in which the notice was sent, 25 (47%) were dismissed for lack of prosecution. In 13 cases (25%) a letter from counsel was docketed explaining the status of the case. In all but two of the cases in this category, the case was either awaiting trial, consolidated with an active case, or had motions pending. In 13 other cases (25%) there was immediate activity of record in response to the notice. In 11 cases in this category, either an application was made to the court to avoid dismissal, or an order was entered by the court affecting the case. In only two instances did the unilateral filing of a pleading by the party receiving notice avert the dismissal of the action. Finally, in one case in which notice was sent, the deputy clerk for the judge to whom the case was assigned informed the clerk's office of a pending related case.

In summary, my review of the clerk's statistics compels the conclusion that at the most, Local Rule 23(a) was not followed by the clerk in only four cases other than this one. In the vast majority of the cases either the clerk complied with the Rule by dismissing the action, or counsel complied with it by seeking an order directing the clerk not to enter an order of dismissal. In the remaining cases Local Rule 23(a) was not applicable because further inquiry revealed that they had in fact been active. On such a record, I cannot conclude that there were so many occasions on which the clerk ignored the literal terms of Local Rule 23(a) that plaintiffs' counsel justifiably assumed that there was an unofficial

absence of such application to and order by the court, the clerk shall, without special order, enter upon the record 'Dismissed without prej-

udice under Rule 23,' and shall, upon application by defendant, tax costs against the plaintiff."

practice of accepting the filing of any pleading as sufficient to avert dismissal after receipt of notice from the clerk. Therefore, I reject plaintiffs' contention that their counsel's negligence in failing timely to file a request for leave to proceed is a basis under Rule 60(b)(1) for relieving them from my order of dismissal.

Plaintiffs further contend that Robins contributed to their failure to file a timely motion under Local Rule 23(a) because Robins misled plaintiffs into believing that it would not object to plaintiffs' interrogatories as a means of satisfying the rule. Plaintiffs' interrogatories were filed on June 23. Counsel for Robins was on vacation at that time, and a legal assistant from her office wrote to plaintiffs' counsel seeking an extension of time in which to answer. Sometime in early July, counsel for the parties had a telephone conversation during which Robins' counsel did not express an intention to object to the filing of the interrogatories. On July 22, after the time within which to make a Rule 23(a) motion had run, Robins filed objections to plaintiffs' interrogatories on the ground that the action should have been dismissed by the clerk.

Plaintiffs are correct that there are some overtones of an ambush in the tactics employed by Robins' counsel. But Robins' counsel is under no obligation to save plaintiffs' counsel from the burden of his mistakes. *See S & K Airport Drive-In, Inc. v. Paramount Film Distributing Corp.*, 58 F.R.D. 4, 7 (E.D.Pa.), *aff'd*, 491 F.2d 751 (3rd Cir. 1973). More importantly, although Robins' counsel may have contributed to plaintiffs' failure to file a timely motion under Local Rule 23(a), in no way did Robins contribute to counsel's neglect of this case for a period of almost two years. Even if plaintiffs had filed a timely motion seeking an order to avert dismissal by the clerk, they still faced the risk of dismissal unless they persuaded the court that the failure to prosecute was excusable, and

therefore plaintiffs cannot contend that the dismissal was wholly the product of maneuvers by Robins' counsel. Accordingly, plaintiffs are not entitled to relief from the order of dismissal on the ground that it was the result of surprise.

Finally, plaintiffs contend that if they are not entitled to relief under Rule 60(b)(1), because their counsel's conduct is inexcusable, they are entitled to relief under subsection (b)(6) of the rule, which empowers the court to act for "any other reason justifying relief from the operation of the judgment."[3] Plaintiffs rely upon *Boughner v. Secretary of Health, Education and Welfare*, 572 F.2d 976 (3d Cir. 1978). In *Boughner*, the plaintiffs were six claimants under the Federal Coal Mine and Health Safety Act of 1969 who had judgment entered against them when their counsel failed to respond to motions for summary judgment filed in each of their cases. The court found that their counsel had neglected to respond to motions for summary judgment in 46 other cases as well. The court noted that there was no evidence that the clients themselves had neglected their cases, and that to penalize the parties for counsel's misconduct would be unjust. 572 F.2d at 979. Under the circumstances, the court held that the entry of judgment against the plaintiffs constituted " 'extreme and unexpected hardship' " which justified extraordinary relief. *Id.*

In this case, I am persuaded that, as in *Boughner*, dismissal of the plaintiffs' case under Local Rule 23(a) constitutes "extreme and unexpected hardship" justifying extraordinary relief. The purpose of Local Rule 23(a) is to remove from the docket cases which have been abandoned, and to spur litigants and their counsel to proceed with "active" cases in order to minimize congestion and delay. The rule is administrative in nature, and "does nothing more than give the Clerk of the Court the power to deal in a ministerial fashion with cases in which no activity has taken place for [one

---

**3.** Robins takes the position that plaintiffs have moved for relief only under Rule 60(b)(1). Although the motion is designated as a motion under (b)(1), counsel has plainly raised arguments under Rule 60(b)(6) as well. Plaintiffs' Memorandum of Law at 7.

year]." *S & K Airport Drive-In, supra,* 58 F.R.D. at 6. The rule was not intended to bar plaintiffs' claim completely, because the dismissal entered by the clerk under the rule is "without prejudice." A review of the statistics on Rule 23 cases compiled by the clerk indicates that the members of this court have routinely granted motions to avert dismissal after notice has been sent under the rule, when counsel demonstrated that there was still interest in pursuing the case. Quite plainly, therefore, a violation of Local Rule 23(a) would not, in the ordinary case, result in the plaintiffs ultimately being denied disposition of their claims on the merits.

The instant case, however, was filed in 1976, with the result that the statute of limitations for plaintiffs' claim has expired. If the Rule 23 dismissal stands, the plaintiffs are out of court. The Court of Appeals for the Third Circuit has made clear that dismissal for failure to prosecute is a "harsh remedy and should be resorted to only in extreme cases," because the law favors disposition of cases on their merits. *Marshall v. Sielaff,* 492 F.2d 917, 918 (3d Cir. 1974). The facts here do not warrant resort to dismissal.

There is no suggestion here that the plaintiffs personally are to blame for the delay in proceeding in this case, and therefore if the dismissal stands they will be forced to pay the penalty for their counsel's mistake. *Cf. Boughner, supra.* As for plaintiffs' counsel, although he was mistaken in his assumption that the filing of interrogatories was a proper response to the clerk's Rule 23 notice, counsel acted promptly after receiving notice from the clerk and took action which he believed would suffice to avoid dismissal. Moreover, although counsel was hardly vigorous in his pursuit of the case, it is undisputed that there were at least some settlement discussions between the parties during the period in which there was no activity of record in the case.

Robins contends that it has been prejudiced by the plaintiffs' delay in prosecuting the case, but it has not specified any particular way in which it was prejudiced, relying instead on the legal principle that prejudice is to be presumed from delay. Robins' irritation with the irresponsibility demonstrated by plaintiffs' counsel is understandable; on the other hand, I am not persuaded that Robins' general allegations of prejudice outweigh the plaintiffs' interest in having their claims resolved on the merits. The record reflects that Robins has been engaged in litigation over the contraceptive device at issue in this suit in numerous lawsuits throughout the country. The issues in the instant case are therefore hardly new to Robins, and there is nothing in the record to indicate that the delay here will hinder Robins in defending against plaintiffs' claims.

In summary, because of the unusual circumstances in this case, plaintiffs find themselves in a position where, without any fault of their own, they will be barred from a disposition of their claims on the merits unless they are granted relief from the order of dismissal. In my view this constitutes the kind of "extreme and unexpected hardship" which warrants relief under Rule 60(b)(6).

Plaintiffs' motion to vacate judgment will be granted.