688 P.2d 673

**Mickie BICKERSTAFF, Plaintiff/Appellant,**

v.

**DENNY'S RESTAURANT, INC., a foreign corporation, Defendant/Appellee.**

**No. 2 CA–CIV 4894.**

Court of Appeals of Arizona, Division 2.

Jan. 10, 1984.

Rubin Salter, Jr., Tucson, for plaintiff/appellant.

Kimble, Gothreau, Ryan, Nelson & Cannon, P.C. by Darwin J. Nelson, Tucson, for defendant/appellee.

## OPINION

HOWARD, Judge.

This is an appeal from the trial court's denial of a motion to set aside an order of dismissal.

On September 4, 1981, appellant filed an action for personal injury (slip and fall) against appellee. On October 8, 1982, appellant's attorney received a notice that the case had been placed on the inactive calendar pursuant to Rule 5, Uniform Rules of Practice for the Superior Court, 17A A.R.S. Rule 5(e) states:

"The clerk of the court or court administrator shall place on the Inactive Calendar every case in which a Motion to Set and Certificate of Readiness has not been filed within nine months after the commencement thereof .... All cases remaining on the Inactive Calendar for two months shall be dismissed without prejudice for lack of prosecution ... unless prior to the expiration of such two months period:

(1) A proper Motion to Set and Certificate of Readiness is filed; or

(2) The court, on motion for good cause shown, orders the case to be continued on the Inactive Calendar for a specified period of time without dismissal."

Four days later appellee filed a request for production of documents and a request that plaintiff update all answers to uniform interrogatories, non-uniform interrogatories and request for production.

On November 19, 1982, the trial court entered an "M" Book Ruling. An "M" Book Ruling is nothing more than the ruling on a motion that has not been set for hearing. The minute entry ruling states as follows:

"The court finds that both uniform and non-uniform interrogatories as well as defendant's first request for production were answered on September 1, 1982.

The court further finds that on October 7, 1982, the case was placed on the inactive calendar since a certificate of readiness has not been filed under the rule.

The defendant has a second request for production pending filed as of October 12, 1982, and has filed a request for updated discovery less than a month-and-a-half after the discovery was made.

Therefore, IT IS ORDERED that defendant's request for an updated discovery is hereby DENIED."

Appellant did nothing to get the case back on the active calendar and on December 10, 1982, the court dismissed the complaint.

Pursuant to Rule 60(c), Arizona Rules of Civil Procedure, 16 A.R.S., appellant filed a motion to set aside the dismissal. In his motion appellant's counsel stated:

"Plaintiff's attorney was unfamiliar with a [sic] 'M' Book Ruling and inquired of other attorneys what it meant, and was informed that it was their understanding the case was on an inactive calendar and would remain thereon until a motion to set was filed. This apparently was an erroneous answer given, and Plaintiff and her attorney relied upon that, particularly in view of the fact that on-going discovery was still going; the Defendant had requested updating of interrogatories, and actually deposed the plaintiff Mickie Bickerstaff...."

Appellant relied on Rule 60(c)(1) and (6) as grounds for setting aside the dismissal. The trial court refused to set it aside and appellant claims this was error. We agree.

Rule 60(c)(1) allows the trial court to relieve a party of a final judgment or order on the grounds of mistake, inadvertence, surprise or excusable neglect. Appellant showed no facts which brought her within the foregoing rule. On October 8, 1982, appellant's counsel had received the notice that the case was placed on the inactive calendar. Had he read the rule, he would have discovered what actions were necessary to prevent a dismissal. He also would have discovered that the case would be dismissed within two months if he did not take the action required by the rule. There is no excuse for his failure to do so.

Rule 60(c)(6) allows the court to relieve a party from a final judgment or order or proceeding for any other reason justifying relief from the operation of the judgment. Appellant relies on the case of *Reif v. A.H. Robins Co.*, 90 F.R.D. 526 (E.D.Pa.1981). The facts in *Reif* are almost identical to those here in that dismissal of the case sub judice will bar refiling of the case because of the statute of limitations. The court in *Reif* stated, inter alia:

"In this case, I am persuaded that ... dismissal of the plaintiffs' case under Local Rule 23(a) constitutes 'extreme and unexpected hardship' justifying extraordinary relief. The purpose of Local Rule 23(a) is to remove from the docket cases which have been abandoned, and to spur litigants and their counsel to proceed with 'active' cases in order to minimize congestion and delay. The rule is administrative in nature, and 'does nothing more than give the Clerk of the Court the power to deal in a ministerial fashion with cases in which no activity has been taken for [one year].' *S & K Airport Drive-In*, supra, 58 F.R.D. [4] at 6. The rule was not intended to bar plaintiffs' claim completely, because the dismissal entered by the clerk under the rule is 'without prejudice.' A review of the statistics on Rule 23 cases compiled by the clerk indicates that the members of this court have routinely granted motions to avert dismissal after notice has been sent under the rule, when counsel demonstrated there was still interest in pursuing the case. Quite plainly, therefore, a violation of Local Rule 23(a) would not, in the ordinary case, result in plaintiffs' ultimately being denied disposition of their claims on the merits.

The instant case, however, was filed in 1976, with the result that the statute of limitations for plaintiffs' claim has expired. If the Rule 23 dismissal stands, the plaintiffs are out of court. The Court of Appeals for the Third Circuit has made clear that dismissal for failure to prosecute is a 'harsh remedy and should be resorted to only in extreme cases,' because the law favors disposition of cases on their merits. *Marshall v. Sielaff*, 492 F.2d 917, 918 (3d Cir.1974). The facts here do not warrant resort to dismissal." 90 F.R.D. at 529–30.

Appellee acknowledges the *Reif* case but contends that the reasoning of *Reif* does not apply in Arizona because of the decision of the court in *Sloan v. Florida-Vanderbilt Development Corporation*, 22 Ariz.App. 572, 529 P.2d 726 (1974). That case involved an obvious neglect in the handling of the appellant's case which resulted in a default judgment being entered

against appellant. Appellant did not seek to set aside judgment until seven months later. Since relief available under Rule 60(c)(1) is limited to motions to set aside brought within six months, appellant proceeded under subsection (6) urging "any other reason justifying relief from operation of the judgment." In discussing what are other reasons within the purview of Rule 60(c)(6) the court stated:

"It cannot be one of the reasons set forth in parts 1 through 5 of Rule 60(c), for part 6 provides for unenumerated grounds which do not appear in the other parts. Part 6 is additional to parts 1 through 5; they are mutually exclusive. [citations omitted] ...

The language of part 6 itself indicates that it is a residual clause dealing with matters not covered in the preceding five parts. Further, the maximum time limitation of six months as it pertains to part 1, 2 and 3 would be meaningless if, following six months, relief could be granted under part 6 for reasons governed by parts 1, 2 and 3. Again, see 7 Moore's Federal Practice, Par. 60.27.

' "... [Part] 6 does not confer a discretionary dispensing power upon the [trial] court to grant relief on the basis of any reason enumerated in the preceding [parts] ..." 7 Moore's Federal Practice, Par. 60.27(2) at 353.' " 22 Ariz.App. at 576, 529 P.2d 726.

■ We do not believe that the *Sloan* case is applicable here. Appellant is not relying solely on excusable neglect or surprise. She also claims as did the plaintiff in the *Reif* case that the statute of limitations precludes her from refiling the case, that there were some settlement discussions between the parties during the period of activity and discovery and that to punish her for the inaction of her lawyer would constitute extreme and unexpected hardship justifying extraordinary relief. The analysis of Local Rule 23(a) in the *Reif* case applies equally to our Rule 5(e).

The fact that the statute of limitations has expired makes this an extraordinary case. As the judge reasoned in the *Reif* case, there is no suggestion here that the

plaintiff is personally to be blamed for the delay in proceeding in this case and therefore if the dismissal stands she will be forced to pay a penalty for her counsel's mistake.

■ Appellee contends that the issue of "hardship" was not raised by appellant in the trial court and therefore appellant should be precluded from raising it on appeal. See *Richter v. Dairy Queen of Southern Arizona,* 131 Ariz. 595, 643 P.2d 508 (App.1982). However, appellee's counsel does admit that the issue of the statute of limitations and its effect was orally argued to the trial court, although not set forth as an argument in the pleadings. Although we normally do not consider matters not contained in the record, we shall consider the admission of appellee's counsel here and we praise him for his candor.

The order of the trial court refusing to set aside the order of dismissal is vacated and set aside and the trial court is directed to enter an order setting aside the dismissal.

BIRDSALL, C.J., and HATHAWAY, J., concur.