IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

AMANTI ELECTRIC, INC., an                )
Arizona corporation,                     )     2 CA-CV 2011-0083
                                         )     DEPARTMENT B
                    Plaintiff/Appellant, )
                                         )     O P I N I O N
            v.                           )
                                         )
ENGINEERED STRUCTURES, INC.,             )
an Idaho corporation, and WESTERN        )
SURETY COMPANY, a South Dakota           )
corporation,                             )
                                         )
                    Defendants/Appellees.)
                                         )

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. C20088017

Honorable Ted B. Borek, Judge

VACATED AND REMANDED

Durazzo & Eckel, P.C.
  By Neal A. Eckel and Eric Hawkins                          Tucson
                                     Attorneys for Plaintiff/Appellant

Keller & Hickey, P.C.
  By Thomas F. Hickey                                         Tempe
                                   Attorneys for Defendants/Appellees

E S P I N O S A, Judge.

¶1          In this action for breach of contract and quantum meruit, Amanti Electric,

Inc., (Amanti),  appeals from the trial court's denial of its motion for relief from

judgment under Rule 60(c)(6), Ariz. R. Civ. P., arguing the court abused its discretion by failing to take into account considerable equities that favored Amanti. Because it appears the court did not consider the totality of the circumstances in ruling on Amanti's motion, we vacate its order and remand the case for further proceedings as delineated below.

## Background

¶2 In June 2007, Engineered Structures, Inc., a general contractor, entered into subcontracts with Amanti to perform electrical work on two supermarkets being constructed in Pima County. In November 2008, Amanti sued Engineered Structures and its surety Western Surety Co. (collectively referred to as ESI) for $630,127—the amount ESI allegedly owed on the contract. In December, ESI mailed Amanti a check in the amount of $409,055, which Amanti did not deposit. Litigation continued, and in February 2010, unbeknownst to Amanti, ESI placed a stop-payment order on the check, which was then approximately fourteen months old.

¶3 About one month later, Amanti and ESI entered into a settlement agreement in which ESI agreed to pay $130,000 "as full and final payment of any and all claims asserted or which could have been asserted" in the lawsuit.[1] Pursuant to the parties'

---

[1]Although during oral argument in this court ESI suggested the 2010 settlement negotiations addressed the entire claim by Amanti against ESI, including the portion of the litigation that putatively had been resolved by the December 2008 check, we find that claim disingenuous in view of ESI's acknowledgement in its September 2009 Controverting Certificate of Readiness that part of Amanti's claim had been satisfied by "payments made by Defendant ESI to Plaintiff following the filing of the Complaint," and that no more than $221,072 remained at issue.

2

stipulation, the action was dismissed on March 22, 2010. In September, Amanti presented the December 2008 check for deposit, but the bank refused to honor it due to the stop-payment order issued by ESI. Amanti immediately contacted ESI to resolve the issue. In a letter, ESI explained it had moved its account to a different bank and had issued the stop-payment order upon noticing the check was still outstanding. ESI also asserted that any claim Amanti had with respect to the check was barred by the settlement agreement and concomitant dismissal with prejudice, which resolved all disputes between the parties.

¶4         Amanti filed a motion for relief from judgment pursuant to Rule 60(c), arguing it was entitled to relief based on fraud, misconduct, misrepresentation, and mistake. After oral argument, the trial court denied the motion and Amanti's subsequent motion for reconsideration. We review the denial of a Rule 60(c) motion for an abuse of discretion. *Norwest Bank (Minn.), N.A. v. Symington*, 197 Ariz. 181, ¶ 11, 3 P.3d 1101, 1104 (App. 2000). An abuse of discretion occurs "when the trial court commits an error of law in the process of exercising its discretion." *Fuentes v. Fuentes*, 209 Ariz. 51, ¶ 23, 97 P.3d 876, 881 (App. 2004).

**Discussion**

¶5         Although Amanti sought relief in the trial court pursuant to Rule 60(c)(1) (mistake, inadvertence, surprise, or excusable neglect), 60(c)(3) (fraud, misrepresentation, or other misconduct of an adverse party), and 60(c)(6) (any other reason justifying relief), on appeal it argues only that the court erred in denying relief requested pursuant to Rule 60(c)(6). Specifically, Amanti contends ESI's improper

3

conduct in failing to disclose the stop-payment order both before and during the settlement negotiations provides grounds for relief under Rule 60(c)(6). ESI counters that, because Amanti's arguments were colorable under clauses (1) and (3) of Rule 60(c), relief was unavailable under clause (6).[2]

¶6        "The need for finality [in judgments] must give way in extraordinary circumstances," *Park v. Strick*, 137 Ariz. 100, 104, 669 P.2d 78, 82 (1983), and "Rule 60(c)(6) gives the courts ample power to vacate judgments whenever such action is appropriate to accomplish justice," *Gendron v. Skyline Bel Air Estates*, 121 Ariz. 367, 368, 590 P.2d 483, 484 (App. 1979). The grounds for relief in clause (6) and the other grounds for relief allowed under Rule 60(c) are usually mutually exclusive. *See, e.g.*, *Davis v. Davis*, 143 Ariz. 54, 57, 691 P.2d 1082, 1085 (1984); *Webb v. Erickson*, 134 Ariz. 182, 186, 655 P.2d 6, 10 (1982). Relief nevertheless has been granted "'with[] a more liberal dispensation than a literal reading of the rule would allow'" in "'cases of extreme hardship or injustice.'" *Roll v. Janca*, 22 Ariz. App. 335, 337, 527 P.2d 294, 296 (1974), *quoting* 11 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2864, at 219-20 (1973); *see also Webb*, 134 Ariz. at 187, 655 P.2d at 11 (purpose of clause (6) to grant equitable relief "whenever the circumstances are extraordinary and justice requires"), *citing Roll*, 22 Ariz. App. at 337, 527 P.2d at 296.

---

[2]Amanti does not dispute ESI's assertion that relief under Rule 60(c)(1) and 60(c)(3) was time-barred. *See* Ariz. R. Civ. P. 60(c) (request for relief under clauses (1), (2), and (3) must be filed within six months after judgment or order entered).

4

**¶7** Rule 60(c)(6), like its federal counterpart,[3] is a catch-all provision that "has been described as a 'grand reservoir of equitable power to do justice in a particular case.'" *Roll*, 22 Ariz. App. at 337, 527 P.2d at 296, *quoting Radack v. Norwegian Am. Line Agency, Inc.*, 318 F.2d 538, 542 (2d Cir. 1963). This remedial principle is articulated not only in Arizona's jurisprudence, but also in Rule 60(c)'s federal underpinning, and "[i]t is appropriate to look to federal courts' interpretations of federal rules that mirror Arizona rules." *Haroutunian v. Valueoptions, Inc.*, 218 Ariz. 541, n.8, 189 P.3d 1114, 1121 n.8 (App. 2008); *see Roll*, 22 Ariz. App. at 337, 527 P.2d at 296. Application of the rule "tend[s] to rest on fact-specific considerations informed by the nature and circumstances of the particular case." *Ungar v. Palestine Liberation Org.*, 599 F.3d 79, 83 (1st Cir. 2010). Thus, as this court recognized in *Roll*, courts must consider "[t]he totality of facts and circumstances" to determine whether Rule 60(c)(6) relief is appropriate. 22 Ariz. App. at 337, 527 P.2d at 296; *see Gendron*, 121 Ariz. at 369, 590 P.2d at 485.

**¶8** In determining the merits of motions for relief from judgment under Rule 60(c)'s federal analogue, courts have considered factors relating to "the nature and circumstances of the particular case," including "the timing of the request for relief, the extent of any prejudice to the opposing party, the existence or non-existence of meritorious claims of defense, and the presence or absence of exceptional circumstances." *Ungar*, 599 F.3d at 83. These factors are not applied rigidly, but "are

---

[3]*See* Fed. R. Civ. P. 60(b)(6).

incorporated into a holistic appraisal of the circumstances," which "may—or may not—justify the extraordinary remedy of vacatur." *Id.* at 84; *see also Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980) (rule allowing relief from judgment preserves "'delicate balance between the sanctity of final judgments . . . and the incessant command of the court's conscience that justice be done in light of all the facts'"), *quoting Bankers Mortg. Co. v. United States*, 423 F.2d 73, 77 (5th Cir. 1970) (alteration in *Good Luck Nursing Home*); *Brooks v. Walker*, 82 F.R.D. 95, 97 (D. Mass. 1979) (in considering motion for relief from judgment, court must weigh all attendant circumstances and balance equities on case-by-case basis).

¶9 Here, the record shows the trial court denied the motion because it determined Amanti had raised colorable claims under Rule 60(c)(1) and (3), and concluded relief therefore was categorically unavailable to Amanti under clause (6) because that provision has been interpreted as mutually exclusive of the five preceding clauses. *See Webb*, 134 Ariz. at 186, 655 P.2d at 10. At the hearing on the motion, the court stated, "[Clause] 6 is the only area that you might be in, but it doesn't apply when [clauses] 1 and 3 are the main alleged allegations, the fraud and mistake. I'm inclined toward thinking that you don't get relief." Later in the same hearing, when ruling on the motion, the court stated, "It's not one [of] those decisions I like but I can't—equitably, I suppose from that standpoint, [Amanti] should have had the $400,000 so it's somewhat unjust. I agree there, but I don't think they have done the steps they should have."

¶10 We conclude the trial court's statements demonstrate that it did not believe it could consider the equitable arguments Amanti had raised in this case because of the

6

mutual exclusivity of Rule 60(c)(6) and the previous five clauses. We acknowledge the general validity of that principle, but clarify that even when relief might have been available under one of the first five clauses but for the fact that the time limits of the rule had elapsed, this does not necessarily preclude relief under clause (6) if the motion also raises exceptional additional circumstances that convince the court the movant should be granted relief in the interest of justice.[4] *See Webb*, 134 Ariz. at 187, 655 P.2d at 11 (trial court has discretion to determine whether facts "go beyond the factors enumerated in clauses 1 through 5 of Rule 60(c) and raise extraordinary circumstances of hardship or injustice justifying relief under the residual provision in clause 6"); *Roll*, 22 Ariz. App. at 336-37, 338, 527 P.2d at 295-96, 297 (despite availability of relief under Rule 60(c)(4), relief nonetheless also available pursuant to Rule 60(c)(6) "under circumstances going beyond" foregoing clauses of rule). ESI's failure to disclose its stop-payment order, Amanti's reasonable belief no further action was required to protect its rights,[5] the large

---

[4]For example, we note that when the parties negotiated their settlement, ESI knew it had stopped payment on the check but never disclosed this to Amanti, who had no reason to believe the settlement involved anything other than the balance that remained in dispute and no reason to seek any further judicial action until it learned about the stop-payment order. *See Gendron*, 121 Ariz. at 368, 590 P.2d at 484 (though motion to set aside default should have been brought within six months pursuant to Rule 60(c)(1), interests of justice warranted Rule 60(c)(6) relief where opposing counsel knew movant intended to file answer and was unaware default judgment already had been entered, yet said nothing).

[5]The check was ESI's acknowledgement of a debt owed and unconditional order to pay Amanti on demand. *See generally* A.R.S. § 47-3104. Although the wisdom of waiting so long to negotiate the check certainly can be questioned, Amanti had no legal obligation to do so immediately after receiving it and had no reason to believe, without any indication from ESI to the contrary, that the check had become non-negotiable. *See*

windfall ESI stands to gain as a result of its unilateral action, and other circumstances of this case, when considered together, may justify relieving Amanti from the judgment. Consideration of these factors by the trial court was indispensible to a correct ruling on the motion for relief from the judgment. *See Roll*, 22 Ariz. App. at 337, 527 P.2d at 296.

**Disposition**

¶11      For the reasons stated above, we vacate the trial court's ruling on Amanti's Motion for Relief from Dismissal and remand this matter to allow the court to reconsider the motion in view of "[t]he totality of facts and circumstances in the instant case." *Roll*, 22 Ariz. App. at 337, 527 P.2d at 296. Because ESI is not the prevailing party on appeal, its request for attorney fees and costs is denied.

/s/ *Philip G. Espinosa*
PHILIP G. ESPINOSA, Judge

CONCURRING:


/s/ *Garye L. Vásquez*
GARYE L. VÁSQUEZ, Presiding Judge


/s/ *Virginia C. Kelly*
VIRGINIA C. KELLY, Judge

---

A.R.S. § 44-302(A)(14) (non-negotiated check not presumed abandoned until three years after issuance).