NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

MICHELLE DAWN DOUROS, *Petitioner/Appellee*,

*v.*

NEAL ANTHONY DOUROS, *Respondent/Appellant*.

No. 1 CA-CV 14-0469 FC
FILED 5-12-2015

Appeal from the Superior Court in Maricopa County
No. FC2012-001355
The Honorable Sam J. Myers, Judge

**AFFIRMED**

COUNSEL

Childers & Huey, PLC, Scottsdale
By Joseph M. Huey
*Counsel for Petitioner/Appellee*

Neal Anthony Douros, Surprise
*Respondent/Appellant*

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Jon W. Thompson joined.

**P O R T L E Y**, Judge:

**¶1**        Neal Anthony Douros ("Father") appeals the denial of his motion for relief from judgment brought pursuant to Arizona Rule of Family Law Procedure 85(C).  For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

**¶2**        Father and Michelle Dawn Douros ("Mother") were married in 2007 and divorced in June 2013.  They have two minor children, who reside primarily with Mother.  The decree of dissolution ordered Father to pay $958 per month in child support, which he failed to pay.  Seven months after the decree, the family court entered judgment against Father for child support arrearages from February 2012 through December 2013 in the amount of $22,616.21.

**¶3**        Father filed a petition to modify child support.  At the subsequent evidentiary hearing, Mother testified that the parties' older daughter, who attends a private school, is on scholarship.  Based on her testimony, Father filed a Rule 85(C) motion in March 2014 seeking relief from the child support order contained in the decree and arguing that the order in the decree was based on Mother's intentional misrepresentation of educational expenses.

**¶4**        The family court found the motion untimely, denied it, and Father filed his notice of appeal.  We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(2).[1]  *See In re Estate of Rose*, 108 Ariz. 207, 208-09, 495 P.2d 138, 139-40 (1972) (upholding the right to appeal the trial court's decision on a motion for relief from judgment).

## DISCUSSION

**¶5**        We must determine whether the family court abused its discretion in denying Father's motion for relief from judgment.  *See City of Phoenix v. Geyler*, 144 Ariz. 323, 328, 697 P.2d 1073, 1078 (1985); *Martin v. Martin*, 182 Ariz. 11, 16, 893 P.2d 11, 16 (App. 1994) ("Absent an abuse of discretion, we will not disturb a trial court's decision on a motion to set aside a judgment.").

---

[1] Absent material revisions after the relevant dates, we cite the current version of a statute unless otherwise indicated.

¶6          Rule 85(C) gives discretion to a family court to relieve a party from a final judgment or order for the following reasons:

> a. mistake, inadvertence, surprise, or excusable neglect;
>
> b. newly discovered evidence, which by due diligence could not have been discovered in time to move for a new trial under Rule 83(D);
>
> c. fraud, misrepresentation, or other misconduct of an adverse party;
>
> d. the judgment is void;
>
> . . . ; or
>
> f. any other reason justifying relief from the operation of the judgment.

Ariz. R. Fam. L.P. 85(C)(1). The motion, however, must be filed "within a reasonable time," and, if filed "for reasons 1(a), 1(b) and 1(c) not more than **six (6) months after the judgment or order was entered** or proceeding was taken." Ariz. R. Fam. L.P. 85(C)(2) (emphasis added). Rule 85(C) is based upon Arizona Rule of Civil Procedure 60(c).[2] *See* Ariz. R. Fam. L.P. 85,

---

[2] Rule 60 provides:

> On motion and upon such terms as are just the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(d); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment on which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be filed within a reasonable time, and for reasons (1), (2) and (3) not more than six months after the judgment or order was entered or proceeding was taken. . . .

Ariz. R. Civ. P. 60(c).

comm. cmt. ("This rule is based on Rule 60, *Arizona Rules of Civil Procedure.*"); Ariz. R. Fam. L.P. 1, comm. cmt. ("Wherever the language in these rules is substantially the same as the language in other statewide rules, the case law interpreting that language will apply to these rules.").

¶7        Although Father did not originally identify which Rule 85(C) subsections he was relying on, he, however, requested relief based on Mother's alleged fraud and misrepresentation, claiming:

> Father requests this relief due to the March 3, 2014 discovery of fraud committed by Mother through intentional misrepresentation of educational expenses which were used in calculating Father's child support obligation. . . . Due to the significant amount of this debt and special circumstance of fraud, Father requests relief from only the fraudulent and contrived portion of the child support that was awarded to Mother based on the educational expenses which she fraudulently claimed.

And in his reply, Father clarified that he was relying upon subsections 1(b) (newly discovered evidence), 1(c) (fraud, misrepresentation or other misconduct), 1(d) (judgment is void), and 1(f) (any other reason justifying relief).[3]

---

[3] Although Father cites subsection 1(d) in his opening brief, he does not argue for its application on appeal; therefore, he has waived this issue. *See Jones v. Burk*, 164 Ariz. 595, 597, 795 P.2d 238, 240 (App. 1990) ("Issues not clearly raised and argued in a party's appellate brief constitute waiver of error on review."); *see also* ARCAP 13(a)(7)(A) (requiring a brief to contain "[Father]'s contentions concerning each issue presented for review, with supporting reasons for each contention, and with citations of legal authorities and appropriate references to the portions of the record on which the appellant relies"). Moreover, the underlying record contains no evidence suggesting the judgment was void. *See Martin*, 182 Ariz. at 15, 893 P.2d at 15 ("A judgment or order is 'void' if the court entering it lacked jurisdiction: (1) over the subject matter, (2) over the person involved, or (3) to render the particular judgment or order entered.").

### A. Subsections 1(b) and 1(c)

¶8        Subsection 1(b) permits relief from judgment for "newly discovered evidence."  Ariz. R. Fam. L.P. 85(C)(1)(b).  Subsection 1(c) permits relief based on "fraud, misrepresentation, or other misconduct of an adverse party."  Ariz. R. Fam. L.P. 85(C)(1)(c).  Rule 85(C) imposes a six-month limit on motions filed on either of these grounds.  Ariz. R. Fam. L.P. 85(C)(2).  This limitation is designed to ensure the finality of judgments. *Webb v. Erickson*, 134 Ariz. 182, 186, 655 P.2d 6, 10 (1982).

¶9        Father filed his Rule 85(C) motion nine months after the entry of the decree.  The family court, as a result, did not have discretion to set aside the judgment on the basis of newly discovered evidence, fraud, misrepresentation, or other misconduct.  *Fry v. Garcia*, 213 Ariz. 70, 73, 138 P.3d 1197, 1200 (App. 2006) ("The superior court correctly denied this portion of the Rule 60 motion as time-barred because Mother did not file the motion within six months from the court's last order . . . .").  Accordingly, the family court properly exercised its discretion and denied Father's untimely motion challenging the child support order in the decree.

### B. Subsection 1(f)[4]

¶10        Subsection 1(f), the catchall provision, allows a court to provide relief from judgment for "any other reason justifying relief."  Ariz. R. Fam. L.P. 85(C)(1)(f).  To obtain relief under 1(f), Father must show "extraordinary circumstances of hardship or injustice," other than or in addition to those circumstances listed in subsections 1(a) through 1(e). *Gorman v. City of Phoenix*, 152 Ariz. 179, 182, 731 P.2d 74, 77 (1987) (citation omitted).  In fact, our supreme court has warned:

> The wording of this clause places two separate limitations upon its application.  First, the reason for setting aside the [judgment] must **not** be one of the reasons set forth in the five preceding clauses.  **Clause 6 and the first five clauses are mutually exclusive.  Second, the**

---

[4] Father argued for the application of subsection 1(f) in his reply to the family court.  Although Father should have included "the precise legal points, statutes and authorities relied upon" in his original motion and his reply should have been "directed only to matters raised in the response," we will consider Father's argument under subsection 1(f) because he cited to Rule 85(C) generally in his motion.  Ariz. R. Fam. L.P. 35(A)(1), (4).

**"other reason" advanced must be one which justifies relief.**

*Webb*, 134 Ariz. at 186, 655 P.2d at 10 (citations omitted) (emphasis added). Consequently, subsection 1(f) cannot be used to circumvent the six-month limitation applicable to subsections 1(a), 1(b), and 1(c).

¶11 Father, however, relies on *Amanti Elec., Inc. v. Engineered Structures, Inc.*, 229 Ariz. 430, 276 P.3d 499 (App. 2012), to establish that he was entitled to relief under Rule 85(C)(1)(f). His reliance is misplaced. In *Amanti,* Division Two held that "[e]ven when relief might have been available under one of the first five clauses but for the fact that the time limits of the rule had elapsed, this does not necessarily preclude relief under clause (6) if the motion also raises exceptional additional circumstances that convince the court the movant should be granted relief in the interest of justice." 229 Ariz. at 433, 276 P.3d at 502. Consequently, the *Amanti* decision reinforces the requirement that there must be "exceptional additional circumstances" to justify relief under subsection 1(f).

¶12 Here, Father did not present any extraordinary or exceptional circumstances of hardship or injustice warranting relief from the decree. He based his motion on his allegation that Mother intentionally misrepresented educational expenses for their children and the court relied upon those expenses in determining his child support obligation. The education expense issue was, however, raised by Mother in the joint pretrial statement filed prior to the trial. In the joint pretrial statement, Mother stated:

> The parties' children attend Northwest Christian School which requires tuition to be paid. Mother has applied for scholarships to cover some of the costs. Father has not contributed to the children's school tuition. This tuition should be considered when calculating child support.

¶13 Father could have investigated the educational expenses and whether any child was receiving a scholarship from the school, and, if appropriate, he should have challenged the educational expenses and the impact of any scholarship on those expenses at trial. *See Geyler*, 144 Ariz. at 328, 697 P.2d at 1078 ("[T]he party seeking relief has had his day in court since the case has already been litigated on its merit."). Because he does not raise any extraordinary reasons why he could not have discovered whether

any child was receiving a scholarship to attend the private school and timely challenged the issue at trial, the family court properly exercised its discretion and denied his Rule 85 motion.

**¶14** Finally, Mother requests her attorney's fees on appeal pursuant to A.R.S. § 25-324. She argues that she is entitled to fees because Husband took unreasonable positions on appeal. In the exercise of our discretion, we deny Mother's request for fees on appeal, but award her costs on appeal upon compliance with ARCAP 21.

## CONCLUSION

**¶15** For the foregoing reasons, we affirm the family court's order denying Father relief under Rule 85(C). We also award Mother her costs on appeal.



Ruth A. Willingham · Clerk of the Court
FILED: ama

7