NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

DENICE BOWYER, *Plaintiff/Appellee*,

*v.*

CHRISTIAN BOWYER, *Defendant/Appellant*.

No. 1 CA-CV 23-0603

FILED 07-25-2024

Appeal from the Superior Court in Maricopa County
No.  CV2019-096868
The Honorable Brian Kaiser, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Platt & Westby, P.C., Phoenix
By Andrew Rahtz, Amber M. Falk
*Counsel for Defendant/Appellant*

Harper Law PLC, Gilbert
By Kevin Harper
*Counsel for Plaintiff/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Andrew M. Jacobs joined.

---

**C R U Z**, Judge:

¶1         Defendant Christian Bowyer appeals the superior court's denial of his motion to set aside a default judgment. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2         While married, Christian and Denise Bowyer purchased a house in Gilbert, Arizona.[1]   In 2012, Christian and Denise divorced. Pursuant to the divorce decree and subsequent orders, the house was to be sold but the sale of the property never took place and the parties held it as joint tenants.

¶3         In 2019, Denise filed a claim to quiet title of the house, asserting any interest Christian had in the property had been exhausted by his failure to meet his ownership obligations, including paying the mortgage, taxes, and other expenses. A process server attempted service on Christian multiple times at two known addresses. When service was unsuccessful, the process server completed a skip trace and found a post office box had recently been opened under Christian's name in Duncan, Arizona. The process server then attempted to serve Christian at the Duncan address associated with the post office box. Given those efforts, Denise requested, and the superior court issued, an order allowing alternative service via mail and posting at the Duncan address.

¶4         In early 2020, Denise moved for entry of default judgment. In May 2020, the superior court then entered a default judgment quieting title of the property to Denise. Three years later, in May 2023, Christian moved for relief from the default judgment. After a hearing, the superior court denied the motion.

---

[1]     Both parties share the same last name. For ease of reference we respectfully refer to each of them by their first names.

**¶5**   Christian timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

## DISCUSSION

**¶6**   "[W]e review the trial court's refusal to set aside a default judgment only for a clear abuse of discretion." *Hilgeman v. American Mortg. Sec., Inc.*, 196 Ariz. 215, 218, ¶ 7 (App. 2000) (citation and internal quotation marks omitted).

**¶7**   Christian argues the superior court abused its discretion when denying his motion for relief from the default judgment under Arizona Rule of Civil Procedure ("Rule") 60(b)(6). Under Rule 60(b), the court may relieve a party from a default judgment for one or more of the following reasons:

  (1) mistake, inadvertence, surprise, or excusable neglect;

  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)(1);

  (3) fraud . . . misrepresentation, or other misconduct of an opposing party;

  (4) the judgment is void;

  (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

  (6) any other reason justifying relief.

Rule 60(c) provides that motions under Rule 60(b)(1)-(3) must be made within six months of the judgment, while motions under Rule 60(b)(4)-(6) must be made within a reasonable time.

**¶8**   Christian argues he should be afforded relief from the judgment under Rule 60(b)(6). To prevail under Rule 60(b)(6), the motion must adhere to Rule 60(c)'s timeliness requirement, the "other ground for relief . . . cannot be one of the reasons set forth" in Rule 60(b)(1)-(5), and the moving party must assert a meritorious defense. *Gonzalez v. Nguyen*, 243 Ariz. 531, 534, ¶ 12 (2018) (citations and quotation marks omitted).

I.    Timeliness Requirement

**¶9**         Christian argues his motion is timely under Rule 60(c) because he did not know about the judgment until three years after it was entered.  "To establish that its failure to timely file an answer is excusable, a party seeking relief must demonstrate that its actions were those of a reasonably prudent person under the circumstances."  *Searchtoppers.com, L.L.C v. TrustCash LLC*, 231 Ariz. 236, 241, ¶ 22 (App. 2012).  "[M]ere carelessness is not sufficient reason to set aside a default judgment."  *Daou v. Harris*, 139 Ariz. 353, 359 (1984).

**¶10**        The superior court found that Christian's three-year delay in seeking relief from the judgment was unreasonable.  Christian asserts he "believed that [Denise] was actively renting the subject property to tenants and did not decide to seek any contributions at the time" and that he was not required by law to "check on the property."  Aside from stating his view that the law did not require him to do anything, Christian presents no viable argument justifying his delay in seeking relief.  Christian has not shown the superior court erred when it determined three years was an unreasonable period of delay before seeking relief from the judgment.

II.    Other Ground for Relief

**¶11**        Christian argues he was unaware of the quiet title proceedings "due to excusable neglect and misrepresentations made by" Denise, which he argues constitute extraordinary circumstances of injustice under Rule 60(b)(6).  Rule 60(b)(6) is a catchall provision that affords courts the discretion to vacate judgments when a party demonstrates "extraordinary circumstances of hardship or injustice."  *Webb v. Erickson*, 134 Ariz. 182, 186, 187 (1982); *Amanti Elec. v. Engineered Structures, Inc.*, 229 Ariz. 430, 432, ¶ 6 (App. 2012).  The superior court must consider the totality of the circumstances but is afforded extensive discretion in determining a movant clears the high bar necessary for Rule 60(b)(6) relief.  *Gonzalez*, 243 Ariz. at 534, ¶ 11; *Amanti*, 229 Ariz. at 432, ¶¶ 7-8.  Rule 60(b)(6) "cannot be used to avoid the six-month limitation which applies to the first three clauses."  *Webb*, 134 Ariz. at 186.

¶12        And while Christian presents his arguments for relief from the default judgment as arising under Rule 60(b)(6), they fail because they seek relief authorized by Rule 60(b)(1) (excusable neglect), or Rule 60(b)(3) (misrepresentation).  Christian confirms the correctness of this analysis by omitting to assert any independent basis for relief under Rule 60(b)(6).  The record thus supports the superior court's finding that Christian's Rule 60(b)(6) arguments are made to avoid the six-month limitation, which dooms his Rule 60(b)(1)-(3) pleas for relief.  *See id.*; Ariz. R. Civ. P. 60(c)(1).  The superior court did not err when it determined Christian did not assert a valid ground for relief under Rule 60(b)(6).

III.    Meritorious Defense

¶13        Christian argues the superior court erred when it found he did not offer a meritorious defense.  "Although the showing of a meritorious defense need not be strong, . . . it must be greater than mere speculation."  *Gonzalez*, 243 Ariz at 535, ¶ 16.  Christian presented three purported meritorious defenses: res judicata, improper service, and improper granting of quiet title based on contribution.

¶14        Christian first argues res judicata is a meritorious defense because Denise's claims were already resolved by the family court.  "The doctrine of res judicata will preclude a claim when a former judgment on the merits was rendered by a court of competent jurisdiction and the matter now in issue between the same parties or their privities was, or might have been, determined in the former action."  *Hall v. Lalli*, 195 Ariz. 54, 57, ¶ 7 (1999).  While the divorce decree addressed the matter of the property's ownership, Denise's claims are based on Christian's subsequent failure to pay his share of the mortgage payments, the maintenance costs, and failure to cooperate in completing the sale of the Property.  By their very nature, the claims in this quiet title action arose from the joint ownership of the property *after* the entry of the divorce decree.  Consequently, they could not have been litigated in the divorce proceeding.  Therefore, the superior court did not err when it determined res judicata did not apply.

¶15        Christian next argues lack of service is a meritorious defense because Denise served him by posting and mailing the complaint and summons to the Duncan address.  But the superior court approved alternative service at the Duncan address after the process server tried multiple times to serve Christian at two known addresses, performed a skip trace finding a post office box associated with Christian's name in Duncan, and attempted service at the Duncan address.  Christian further asserts the service was related to an act of fraud by someone else opening up that post

office box. But Christian does not develop this argument past mere speculation. The superior court did not err when it did not find improper service, as alleged by Christian, a meritorious defense.

**¶16** Christian also argues that a claim for reimbursement of contribution is not grounds for a quiet title remedy, which he asserts presents a meritorious defense. "In a quiet title action the plaintiff must ordinarily prove his own title and cannot rely on defects in the defendant's title." *Rogers v. Bd. of Regents of Univ. of Ariz.*, 233 Ariz. 262, 270, ¶ 30 (App. 2013) (citation and internal quotation marks omitted). But "a suit to quiet title is one of equitable cognizance." *Kennedy v. Morrow*, 77 Ariz. 152, 155 (1954). "[E]very interest in the title to real property, whether legal or equitable, may be determined in the action." *Chantler v. Wood*, 6 Ariz. App. 134, 138 (App. 1967). The superior court can consider equities between the parties when determining a quiet title claim. In this quiet title action, Denise contended that any interest Christian had in the property had been exhausted by his failure to meet his ownership obligations, including failing to pay his share of the mortgage, taxes, and other expenses, which Denise argued totaled almost $200,000. The superior court did not err when it did not consider this argument to be a meritorious defense.

**¶17** The superior court did not abuse its discretion when it denied Christian's motion to set aside the default judgment.

**¶18** Additionally, Christian argues "[t]his case shocks the conscience" and justice requires the default judgment to be set aside. "[I]t is a highly desirable legal objective that cases be decided on their merits . . . . These matters, however, rest entirely within the trial court's discretion and will not be overturned on appeal unless a clear abuse of discretion has been shown." *Hirsch v. Nat'l Van Lines, Inc.*, 136 Ariz. 304, 308 (1983). Christian has not shown that the superior court abused its discretion when it denied Christian's motion to set aside the default judgment.

## CONCLUSION

**¶19** For the foregoing reasons, we affirm. We deny Christian's request for attorneys' fees and costs on appeal under A.R.S. §§ 12-349(A) and 12-342. Denise requests her reasonable attorneys' fees and costs under A.R.S. §§ 12-341 and -341.01. We award her costs upon her compliance with Arizona Rules of Civil Appellate Procedure 21, but in the exercise of our discretion, we deny her request for attorneys' fees.



AMY M. WOOD • Clerk of the Court
FILED: AGFV