NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JASSANDRA NANINI, *Plaintiff/Appellee,*

*v.*

LUIS MIGUEL FRANCISCO-BAEZ, *Defendant/Appellant.*

No. 1 CA-CV 25-0344

FILED 12-30-2025

Appeal from the Superior Court in Maricopa County
No. CV2024-018176
The Honorable Brian Kaiser, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Burch & Cracchiolo, PA, Phoenix
By Casey S. Blais, Laura Meyer
*Counsel for Plaintiff/Appellee*

Klauer & Curdie, Phoenix
By Brandon R. Curdie
*Counsel for Defendant/Appellant*

---

**MEMORANDUM DECISION**

Vice Chief Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Cynthia J. Bailey joined.

---

**W E I N Z W E I G**, Vice Chief Judge:

¶1　　　　Luis Francisco-Baez appeals the denial of his motion to set aside a default judgment. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2　　　　We view the facts in the light most favorable to upholding the superior court's ruling on a motion to set aside default judgment. *Ezell v. Quon*, 224 Ariz. 532, 534, ¶ 2 (App. 2010).

¶3　　　　Luis is Juan's brother and Juan was married to Jassandra Nanini until 2021. Nanini petitioned for divorce, alleging Juan owed her more than $140,000 in marital assets plus $2,130 per month in child support. The family court issued temporary orders recognizing these obligations, putting Juan on notice that Nanini had become his creditor.

¶4　　　　With this debt looming, Juan signed a purchase contract for a house in Tempe. He paid part of the deposit and instructed a construction client to funnel his earnings directly into escrow. But then Juan signed an addendum substituting Luis as the buyer. Luis closed on the house, recorded the deed and secured a mortgage in his own name.

¶5　　　　Juan's post-sale conduct exposed the sham when he moved into the house, paid no rent, made all mortgage payments and registered utilities under his own name. Juan also publicly called the house "his house."

¶6　　　　Nanini filed this lawsuit arguing Luis's substitution violated the Fraudulent Transfers Act. A.R.S. § 44-1004. She alleged the substitution was intended to protect the house from the division of marital assets and Juan's child support obligations. Luis and Juan attended the Temporary Restraining Order ("TRO") hearing and confirmed they were served with the complaint. The superior court also warned them from "taking any action to transfer or encumber" the house. The deadline to file an answer

came and went without Luis or Juan filing an answer. Nanini applied for entry of default and then entry of default judgment, which the superior court granted.

**¶7**         Two months later, Luis moved to set aside the judgment. He claimed Nanini committed fraud upon the court and that extraordinary circumstances justified relief. The court held oral argument and then denied his motion. It found no fraud preventing Luis from raising his defense earlier and no extraordinary hardship given that Luis had admitted the well-pled facts by his default. Luis timely appealed. We have jurisdiction. A.R.S. §§ 12-2101(A)(2) and -120.21(A)(1).

## DISCUSSION

**¶8**         Luis argues the superior court erred by not setting aside the default judgment for fraud upon the court or any other reason justifying relief. *See* Ariz. R. Civ. P. 60(b)(3), (6). We give the superior court broad discretion in ruling on a motion to set aside a default judgment. *Daou v. Harris*, 139 Ariz. 353, 359 (1984).[1]

### I.    Fraud, Misrepresentation or Misconduct.

**¶9**         To obtain relief under Rule 60(b)(3), the moving party must show (1) a meritorious defense (2) that he was barred from fully presenting before judgment (3) because of the adverse party's fraud, misrepresentation or misconduct. *Est. of Page v. Litzenburg*, 177 Ariz. 84, 93 (App. 1993). "Fraud upon the court occurs when a party obtains a judgment by concealing material facts and suppressing the truth with the intent to mislead the court." *Clark v. Kreamer*, 243 Ariz. 272, 275, ¶ 13 (App. 2017) (citation modified). But proof of misconduct alone does not justify Rule 60(b)(3) relief; the movant must also show that the misconduct substantially interfered with his ability to fully prepare for trial or present a meritorious defense. *Norwest Bank (Minn.), N.A. v. Symington*, 197 Ariz. 181, 186, ¶ 23 (App. 2000).

**¶10**         Luis contends Nanini fraudulently suppressed the truth that he is the true owner. We are not persuaded. Even if Nanini had somehow concealed the truth, Luis does not explain how that concealment "prevented" him from answering the complaint and contesting her allegations. Luis was served. He appeared with an interpreter at the July 19, 2024 TRO hearing. The superior court warned him the house's

---

[1]    Rule 60(c) is now designated as Rule 60(b) after a rule change. *Gonzalez v. Nguyen*, 243 Ariz. 531, 532, ¶ 1 n.1 (2018).

ownership was disputed. He received the application for entry of default, the motion for default judgment and the notice of default hearing. He had seventy-eight days between service and entry of default judgment to file an answer raising any defenses he possessed. We see no abuse of discretion.

## II.     Extraordinary Hardship or Injustice.

**¶11**          Even without fraud, the superior court can set aside a final default judgment for "any other reason justifying relief." Ariz. R. Civ. P. 60(b)(6). To obtain relief under this catchall provision, a movant must show (1) extraordinary circumstances of hardship or injustice justifying relief, and (2) a reason for setting aside the judgment other than a reason listed in the preceding five clauses of Rule 60(c). *Hilgeman v. Am. Mortg. Sec., Inc.*, 196 Ariz. 215, 220, ¶ 15 (App. 2000). The court must weigh the totality of facts and circumstances to determine whether Rule 60(c)(6) relief is proper. *Amanti Elec., Inc. v. Engineered Structures, Inc.*, 229 Ariz. 430, 432, ¶ 7 (App. 2012). Relief is available only when "the need for finality in judgments must give way in extraordinary circumstances." *Aloia v. Gore*, 252 Ariz. 548, 553, ¶ 20 (App. 2022) (citation modified).

**¶12**          Luis argues the judgment should be set aside because it's burdensome, but that is not enough under Rule 60(b)(6). *See, e.g., Webb v. Erickson*, 134 Ariz. 182, 185–86 (1982) (granting relief where the defaulting garnishee had extensive personal issues in the months before the complaint filed and thought the summons didn't apply to him). Nor has Luis shown the default damages were so excessive that the judgment must be vacated. *See Gonzales*, 243 Ariz. at 534–35, ¶¶ 14, 16. As we have explained, the power granted by Rule 60(b)(6) "is not for the purpose of relieving a party from free, calculated and deliberate choices he has made. A party has a duty to take legal steps to protect his own interests." *Roll v. Janca*, 22 Ariz. App. 335, 337 (1974) (citing *Ackerman v. United States*, 340 U.S. 193 (1950)). We see no abuse of discretion.

## III.     Attorney Fees on Appeal.

**¶13**          Finally, Nanini seeks attorney fees on appeal, arguing Luis's appeal is frivolous. We may award sanctions for frivolous appeals under Arizona Rule of Civil Appellate Procedure 25, but "the power to punish attorneys or litigants for prosecuting frivolous appeals should be used most sparingly." *Price v. Price*, 134 Ariz. 112, 114 (App. 1982) (citation modified). "[A] frivolous appeal is one brought for an improper purpose or based on issues which are unsupported by any reasonable legal theory." *Johnson v. Brimlow*, 164 Ariz. 218, 222 (App. 1990).

**¶14**         While unsuccessful, Luis's appeal raised legal arguments about the proper application of Rule 60(b) standards that are not wholly without merit or brought for an improper purpose.  The appeal does not rise to the level of frivolousness that warrants sanctions.  We thus deny Nanini's request for attorney's fees.

## CONCLUSION

**¶15**         We affirm.  As the prevailing party, Nanini is entitled to her taxable costs upon compliance with ARCAP 21.  *See* A.R.S. § 12-341.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:         JR